UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.

MOSHE MIRILASHVILI,

      Defendant.

(S-1) 14 Cr. 810  (CM)

**DEFENDANT MOSHE MIRILASHVILI'S**

**PROPOSED REQUESTS TO CHARGE**

## INTRODUCTION

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendant Moshe Mirilashvili respectfully requests that the Court include the following charges in its instructions to the jury.

Dr. Mirilashvili respectfully reserves his right to modify these proposed instructions or to submit additional requested instructions as appropriate or necessary to address additional evidence and testimony adduced at trial or arguments advanced by the government. Dr. Mirilashvili further respectfully requests the opportunity to make specific objections or request modifications to the Court's proposed charge.

## REQUEST NO. 1.

## GENERAL REQUESTS

Dr. Mirilashvili respectfully requests the Court to charge the jury using the Court's

general instructions (or J. Siffert, et al., MODERN FEDERAL JURY INSTRUCTIONS) on the following

subjects:

1.     ROLE OF THE COURT

2.     ROLE OF THE JURY

3.     JURY'S CONTACT WITH OTHERS
(including media and social media restrictions;
MODERN FEDERAL JURY INSTRUCTIONS, Instruction 1-2)

4.     GOVERNMENT AS A PARTY AND EQUALITY OF THE PARTIES
BEFORE THE COURT

5.     CONDUCT OF COUNSEL

6.     NUMBER OF WITNESSES

7.     WITNESS CREDIBILITY

8.     DUTY OF IMPARTIALITY

9.     INCONSISTENT STATEMENTS

10.     STIPULATIONS

11.     CHARTS AND SUMMARIES

12.     LIMITED USE EVIDENCE

13.     CIRCUMSTANTIAL AND DIRECT EVIDENCE

14.     WHAT IS NOT EVIDENCE

15.     VERDICT BASED ON EVIDENCE

16.     DELIBERATIONS

17.     JUROR NOTES AND JURY'S RECOLLECTION CONTROLS

18.     UNANIMOUS VERDICT

**REQUEST NO. 2.**

**PRESUMPTION OF INNOCENCE – REASONABLE DOUBT – BURDEN OF PROOF**[1]

The law presumes the defendant to be innocent of all the charges against him. Thus, Dr. Mirilashvili, although accused, begins the trial with a "clean state" – with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. As a result, the presumption of innocence alone is sufficient to acquit the defendant, unless you as jurors are unanimously convinced beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The government is not required to prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense — the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must therefore be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of that person's own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[2]

So if the jury, after careful and impartial consideration of all the evidence in the case, or lack of evidence, has a reasonable doubt that Dr. Mirilashvili is guilty of the charge, it

---

[1] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), Instruction 4-1; 1A KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 12:10 (6th ed. 2010).

[2] *United States v. Lopez*, 584 F.2d 1175, 1179 n.4 (2d Cir. 1978).

must acquit.  If the jury views the evidence in the case as reasonably permitting either of two conclusions — one of not guilty, the other of guilty — the jury must, of course, adopt the conclusion of not guilty.

## REQUEST NO. 3.

## COOPERATING WITNESSES[3]

In this case, there has been testimony from certain government witnesses, who pleaded guilty after entering into agreements with the government to testify.  There is evidence that the government agreed to allow these individuals to plead guilty to lesser charges and agreed not to prosecute them on other charges in exchange for their agreement to plead guilty and testify at this trial against Dr. Mirilashvili.  The government also promised to bring these witnesses' cooperation to the attention of the court that will issue their criminal sentences.

The government is permitted to enter into these kinds of plea agreements. However, testimony from a cooperating witness is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide whether to believe that testimony.  You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from that of an ordinary witness.  A witness who realizes that he or she may be able to obtain his or her own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely.  Therefore, you must examine the testimony of a cooperating witness with caution and weigh it with great care.

Further, you are to draw no conclusions or inferences of any kind about Dr. Mirilashvili from the fact that a cooperating witness pleaded guilty to charges related to this case. The fact that a witness decided to plead guilty to certain charges arising from his or her conduct is a personal decision, and you cannot consider the fact that the witness decided to plead guilty to certain charges against any of the defendants in this courtroom because it was a personal decision on the part of that witness.  It in no way changes the presumption of innocence that

---

[3] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instructions 7-5, 7-10.

applies to Dr. Mirilashvili who is on trial here, a presumption that remains with him throughout the trial and into your jury deliberations unless and until you conclude that the government has proven his guilt by competent evidence beyond a reasonable doubt.

**REQUEST NO. 4.**

**TESTIMONY BY DEA AGENTS**[4]

You have heard the testimony of agent from the Drug Enforcement Administration.  The fact that a witness may be employed by the federal government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  You should evaluate such witness's testimony as rigorously as you evaluate the testimony of all other witnesses.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of DEA agents and to give to that testimony whatever weight, if any, you find it deserves.

---

[4] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instruction 7-16.

**REQUEST NO. 5.**

**TESTIMONY, EXHIBITS, STIPULATIONS, AND JUDICIAL NOTICE**[5]

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken.  As I indicated before, only the answers of a witness are evidence and you are not to consider a question as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

---

[5] MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instruction 5-4.

**REQUEST NO. 6.**

**MEANING OF THE INDICTMENT**

Let us know turn to the charges against Dr. Mirilashvili as charged in the Indictment.  The Indictment is not evidence.  It is an accusation, a statement of the charges made against the Defendant.  It gives the Defendant notice of the charges against him.  It informs the Court and the public of the nature of the accusation.

Dr. Mirilashvili, as is the case with every defendant accused of a crime in this country, begins trial with an absolutely clean slate and without any evidence against him.  Remember that the charges in the Indictment are merely accusations.  What matters is the evidence that you heard in this trial.

The Indictment in this case consists of three separate charges, or counts.  Each count charges Dr. Mirilashvili with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offenses charged.

I will address the three counts charged against Dr. Mirilashvili in the Indictment out-of-order.  I do so because he is charged with violating two statutes – unlawful distribution of a controlled substance by a physician and conspiracy to violate this statute.  I will discuss the alleged violation of the underlying substantive crimes of unlawful distribution first, and then discuss the related conspiracy to commit that crime.  This will help you understand the elements of the crime charged before being instructed on what is required for a finding of conspiracy to commit that crime.

11

**REQUEST NO. 7.**

**ELEMENTS OF UNLAWFUL DISTRIBUTION
OF A CONTROLLED SUBSTANCE BY A PHYSICIAN**[6]

Dr. Mirilashvili is charged in Counts Two and Three of the Indictment with distributing a controlled substance to certain individuals on certain dates (Count Two on January 10, 2013 and Count Three on October 28, 2014), other than for a legitimate medical purpose and outside the usual course of professional practice in violation of the Controlled Substances Act.

Under federal law, someone who is a medical practitioner is authorized to prescribe drugs in the course of professional practice.  The definition of "practitioner" in the federal statute includes a licensed doctor.  A practitioner who in good faith writes prescriptions for drugs in the regular course of a legitimate professional practice is protected from prosecution under the law, but practitioners who act outside the usual course of professional practice and prescribe drugs for no legitimate medical purpose may be guilty of violating the law.

For you, the jury, to find Dr. Mirilashvili guilty of distributing a controlled substance other than for a legitimate medical purpose and outside the usual course of professional practice, you must find that the government proved each of the following elements beyond a reasonable doubt.

The government must prove beyond a reasonable doubt:

<u>First,</u> that Dr. Mirilashvili distributed oxycodone;

<u>Second,</u> that Dr. Mirilashvili did so knowingly and intentionally; and

<u>Third,</u> that Dr. Mirilashvili distributed the drug other than for a legitimate medical purpose and not in the usual course of medical practice.

---

[6] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instruction 56-15.

**REQUEST NO. 8.**

**FIRST ELEMENT-- UNLAWFUL DISTRIBUTION**
**OF A CONTROLLED SUBSTANCE BY A PHYSICIAN**[7]

   The first thing you need to determine is whether Dr. Mirilashvili distributed

controlled substances.  Oxycodone is a controlled substance within the meaning of the law.

   "Distribute" means to transfer a controlled substance to another person.  A medical

professional such as a doctor can lawfully distribute a controlled substance to an individual by

writing a prescription to be filled at a pharmacy.  However, if that medical professional has

written the prescription other than for a legitimate medical purpose and outside the usual course

of professional practice, that medical professional has distributed a controlled substance within

the meaning of the statute.

---

[7] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instruction 56-16.

**REQUEST NO. 9.**

**SECOND ELEMENT -- UNLAWFUL DISTRIBUTION
OF A CONTROLLED SUBSTANCE BY A PHYSICIAN**[8]

The second element the government must prove beyond a reasonable doubt is that when Dr. Mirilashvili prescribed the drugs, he did so knowingly and intentionally.  That is, the government must prove that the defendant acted voluntarily and intentionally and not out of mistake, accident, or carelessness.

---

[8] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), *supra*, at Instruction 56-17.

**REQUEST NO. 10.**

**THIRD ELEMENT -- UNLAWFUL DISTRIBUTION
OF A CONTROLLED SUBSTANCE BY A PHYSICIAN**[9]

The third and final element the government must prove beyond a reasonable doubt is that Dr. Mirilashvili knowingly and intentionally prescribed the drug other than for a legitimate medical purpose and outside the usual course of professional practice.[10]  In making a medical judgment concerning the right treatment for an individual patient, medical professionals have discretion to choose among a wide range of available options.  Therefore, in determining whether Dr. Mirilashvili acted without a legitimate medical purpose, you should examine his actions and the circumstances surrounding them.

It is not enough for you to find that Dr. Mirilashvili simply wrote the prescriptions at issue here.  The government must prove that the doctor intentionally and knowingly acted outside the usual course of medical practice and without a legitimate medical purpose when he wrote the prescription.  That is, the government must prove beyond a reasonable doubt that Dr. Mirilashvili believed he was acting illegally under a criminal drug law by writing the prescription.[11]

---

[9] Adapted from J. Siffert; J. Rakoff; S. Reiss; W. Loughlin; and S. Allen, 3-56 MODERN FEDERAL JURY INSTRUCTIONS, at Instruction 56-18.  Also taken from the charge given by Hon. Patti B. Saris, U.S. Chief District Judge, in *United States v. Zolot*, Crim. No. 11-10070-PBS (D. Mass., May 11, 2015) (ECF Doc. No. 636) (copy attached at Exhibit A).

[10] 21 U.S.C. § 841(a)(1); *United States v. Ignasiak*, 667 F.3d 1217, 1228 (11th Cir. 2012) (explaining that under 21 U.S.C. § 841(a)(1) "[i]t is incumbent upon the government to prove that [the medical practitioner] dispensed controlled substances for other than legitimate medical purposes in the usual course of professional practice, and that he did so knowingly and intentionally.").

[11] *Gonzales v. Oregon*, 546 U.S. 243, 270 (2006) (explaining that to be found guilty of violating the CSA, a physician must have acted as a "drug dealer as conventionally understood" or that "he acted as a large-scale 'pusher' – not as a physician").

This case is not a medical malpractice lawsuit; it is a criminal case. A medical professional becomes a criminal not when he is a bad or negligent physician but when he ceases to be a medical professional at all.[12]

You must make this determination with respect to the charged conduct in each of the counts, including the conspiracy count. Mere negligence, malpractice, carelessness, or sloppiness is not enough. In order to convict the defendant of distributing controlled substances in violation of the Controlled Substances Act, you must find that the government has proven beyond a reasonable doubt that Dr. Mirilashvili intended to act as a drug dealer rather than as a medical professional by knowingly and intentionally acting outside the usual course of professional practice and not for a legitimate medical purpose.[13]

---

[12] *United States v. Wexler*, 522 F.3d 194, 204 (2d Cir. 2008) ("violation of the standard of care alone is insufficient to support the criminal conviction of a licensed practitioner under § 841(a)") (quoting *United States v. Feingold*, 454 F.3d 1001, 1007 (9th Cir. 2006) ("[T]he jury must make a finding of intent not merely with respect to distribution, but also with respect to the doctor's intent to act as a pusher rather than a medical professional.").

[13] *Gonzales*, 546 U.S. at 270; *Feingold*, 454 F.3d at 1011; *United States v. August*, 984 F.2d 705, 713 (6th Cir. 1992); *United States v. Volkman*, 736 F.3d 1013, 1021 (6th Cir. 2013); *United States v. Werther*, 2013 WL 5309451, at *9 (E.D. Pa. Sept. 23, 2013).

# REQUEST NO. 11.

# DOCTOR'S GOOD FAITH[14]

I now turn to the legal concept of "good faith."  The government must prove beyond a reasonable doubt that Dr. Mirilashvili did not act in good faith.  A medical professional's good faith is relevant to your determination of whether Dr. Mirilashvili intentionally acted outside the bounds of usual professional practice and without a legitimate medical purpose.  A doctor distributes a drug in good faith when he believes he is medically treating a patient for a legitimate medical purpose and in the usual course of medical practice.  Good faith in this context means good intentions and the honest exercise of professional judgment as to a patient's needs.  It means that the doctor acted in accordance with what he reasonably believed to be a standard of medical practice generally recognized and accepted in the United States.[15]  Good faith is not merely a practitioner's sincere intentions towards his patients, but also a sincere attempt to conduct himself in accordance with what he believed to be proper medical practice.[16]

Dr. Mirilashvili does not have to prove to you that he acted in good faith.  As I explained before, the defendant never has the burden of proof in a criminal case; that burden always remains with the government.  In this context, the burden is on the government to prove

---

[14] Adapted from MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), at Instruction 56-19.

[15] *United States v. Vamos*, 797 F.2d 1146, 1152-53 (2d Cir. 1986).

[16] *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1138 (4th Cir. 1994); *United States v. Alerre*, 430 F.3d 681, 692 (4th Cir. 2005) (explaining that "the jury was correctly instructed on the applicable legal principles" under 21 U.S.C. § 841(a)(1), in particular that the defendant-doctors "could not be convicted if they had dispensed the controlled substances at issue 'in good faith'"); *United States v. Hughes*, 895 F.2d 1135, 1141-42 (6th Cir. 1990) (explaining that "[b]ecause Dudley was a licensed physician, the jury could not find him guilty of distributing controlled substances, as long as he acted in 'good faith'").

to you beyond a reasonable doubt that Dr. Mirilashvili acted without a legitimate medical purpose and outside the usual course of medical practice.  The government must prove that Dr. Mirilashvili did not act in good faith with respect to any of the three counts, including in the conspiracy charge.  If you find that Dr. Mirilashvili acted in good faith in distributing the drugs, then you must find him not guilty of all charges.

## REQUEST NO. 12.

## DIFFERENCE BETWEEN CIVIL MALPRACTICE AND CRIMINAL CONDUCT

As I stated before, this is not a medical malpractice case.  However, "[y]ou have heard the phrase 'standard of care' used during the trial by several witnesses [including the expert witnesses].  When you go to see a doctor as a patient, the doctor must treat you in a manner that meets the applicable standard of care that physicians of similar training would have given you under the circumstances.  If a doctor fails to provide you with that care, the doctor may be found [negligent] in a civil [medical malpractice] lawsuit."[17]  This case, however, is not a civil lawsuit.  "This case is not about whether the defendant acted negligently or whether he committed malpractice."[18]  You may not find Dr. Mirilashvili guilty solely because you think he acted negligently, made a mistake, or was fooled by a patient.  "Rather, [as I have already instructed you] in order for you to find the defendant guilty, you must find that the government has proved to you beyond a reasonable doubt that the defendant's action was not for a legitimate medical purpose in the usual course of professional practice."[19]

---

[17] *United States v. Volkman*, 736 F.3d 1013, 1022 (6th Cir. 2013).

[18] *Id.*

[19] *Id.*

**REQUEST NO. 13.**

**UNANIMITY REQUIREMENT**[20]

In order to return a guilty verdict on either Count Two or Count Three, all jurors must unanimously agree on at least one specific instance of alleged unlawful distribution of controlled substances on the date of the count you are considering.  It is not enough, for example, that six of you agree that one prescription violates the statute and six of your agree that a different prescription violates the statute.  If you do not all agree unanimously that the government has proved beyond a reasonable doubt a specific instance of unlawful distribution of controlled substances outside the course of usual professional practice and without legitimate medical purpose as charged in the indictment, then you cannot find Dr. Mirilashvili guilty of the unlawful distribution count you are considering.

---

[20] Adapted from charge in *United States v. Stein*, No. 05 Cr. 888 (LAK) (S.D.N.Y. Dec. 11, 2008), Tr. at 5262-63; adapted from the charge in *United States v. Coplan*, No. 07 Cr. 453 (SHS) (S.D.N.Y. May 4, 2009), Tr. at 6157, 6162.

## REQUEST NO. 14.

## ELEMENTS OF A NARCOTICS CONSPIRACY[21]

I will now turn to the conspiracy charged in Count One of the Indictment.  In Count One, Dr.  Mirilashvili is accused of conspiring to commit a federal crime; specifically, conspiracy to distribute a controlled substance, oxycodone, knowingly and intentionally, outside the usual course of professional practice and not for legitimate medical purposes.  It is against federal law to conspire with someone to commit this crime.

I already have given you the specific elements of the crime of unlawful distribution of a controlled substance by a physician and you are to apply these same specific elements as the object or goal of the charged conspiracy against Dr. Mirilashvili.

Now, I will charge you with the elements of what the government must prove with respect to the criminal law of conspiracy.

For you to find Dr. Mirilashvili guilty of conspiracy, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt.  I keep referring to "elements."  Elements mean each of the things the government has to prove beyond a reasonable doubt.

First, the government must prove that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to distribute oxycodone, knowingly and intentionally, outside the usual course of professional practice and not for a legitimate medical purpose.

Second, the government must prove beyond a reasonable doubt that Dr. Mirilashvili knowingly and willfully joined in that agreement.

---

[21] Adapted from MODERN FEDERAL JURY INSTRUCTIONS, *supra*, at Instruction 19-3.

**REQUEST NO. 15.**

**NARCOTICS CONSPIRACY:  FIRST ELEMENT**[22]

First, what is a conspiracy?  A conspiracy is a kind of criminal partnership – an agreement or an understanding, between two or more persons – to accomplish by joint action a criminal or unlawful purpose.  A conspiracy does not have to be a formal agreement or a plan in which everyone involved sat down together and entered into a solemn pact, orally or in writing, but the government must prove beyond a reasonable doubt that those who were involved shared the same general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have been associated with each other in the office or elsewhere, or discussed common names and interests, does not necessarily establish proof of the existence of a conspiracy.  However, you may consider such evidence as factors in determining whether the government has indeed satisfied its burden of showing that a conspiracy, in fact, existed.

In other words, the evidence must prove to you beyond a reasonable doubt that two or more persons, in some way or manner, either explicitly or implicitly, came to an agreement to violate the law and to accomplish the unlawful plan – in this case, knowingly and intentionally, to distribute oxycodone outside the course of professional medical practice and not for a legitimate medical purpose.

---

[22] Adapted from MODERN FEDERAL JURY INSTRUCTIONS, *supra*, at Instruction 19-3S, 19-4.

### REQUEST NO. 16.

### NARCOTICS CONSPIRACY – SECOND ELEMENT[23]

The second element of conspiracy is that the government must prove beyond a reasonable that the defendant knowingly and willfully joined in the unlawful agreement.

What does "knowingly" and "willfully" mean?

To act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently.

To act "willfully" means to act purposely and with an intent to do something unlawful.

Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.

It is not necessary, however, that a defendant be fully informed of all the details of the conspiracy, or all of its participants.  He may not know more than one other member of the conspiracy, or more than one of its objects.  He may have joined the conspiracy at any time during its duration, and may not have received any benefit in return.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself make him a willful member of the conspiracy.  Similarly, mere association by a defendant with a conspirator does not itself make the defendant a member of the conspiracy even if he knows of the conspiracy.  Mere knowledge or acquiescence, without participation, in the unlawful plan or agreement is not sufficient under the law.  Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or

---

[23] Adapted from MODERN FEDERAL JURY INSTRUCTIONS, *supra*, at Instruction 19-3S, 19-6.

objectives of the conspiracy, does not make the defendant a member.   The criminal law requires more.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intent of aiding in the accomplishment of those unlawful ends.

In other words, knowledge of the unlawful plan is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects.

## REQUEST NO. 17.

## ACTS AND DECLARATIONS OF ALLEGED CO-CONSPIRATORS[24]

You will recall that I have admitted into evidence against Dr. Mirilashvili the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful act, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonable foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

Before you consider these statements or acts of an alleged co-conspirator in deciding the issue of Dr. Mirilashvili's guilt, you must determine that the acts and statements of others were made during the existence and in furtherance of the unlawful plan or agreement.  If the acts were done or the statements made by someone you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against Dr. Mirilashvili.

---

[24] Adapted from MODERN FEDERAL JURY INSTRUCTIONS, *supra*, at Instruction 19-9.

## CONCLUSION

The defendant Dr. Mirilashvili respectfully requests the foregoing charges and further respectfully requests the opportunity to make specific objections or request modifications to the Court's proposed charge.

Respectfully submitted,

CLAYMAN & ROSENBERG LLP

_____/S/_____
Henry E. Mazurek
Wayne E. Gosnell
305 Madison Avenue, Suite 1301
New York, New York 10165
Phone:  (212) 922-1080
mazurek@clayro.com
gosnell@clayro.com

*Counsel for Moshe Mirilashvili*