```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :         S2 14 Cr. 810 (CM)

MOSHE MIRILASHVILI,             :

        Defendant.              :

- - - - - - - - - - - - - - - - x
```

**PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

The parties respectfully request that the Court include the following in its *voir dire* of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

**Introduction**

We are about to select from among you the jurors who will sit in this case.  Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to insure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.  If your answer to one of my questions concerns private information,

please let me know and we can discuss it out of the hearing of the other potential jurors.

## The Charges

1. Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2. There is one defendant named in the Indictment, MOSHE MIRILASHVILI.

3. Specifically, the Indictment charges that the defendant, who is a medical doctor, engaged in a conspiracy, or illegal agreement, to distribute a controlled substance, oxycodone, out of a clinic in Manhattan, New York between approximately 2012 and December 2014.

4. Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it? Have you heard anything about this case, in the newspaper, on the radio, on the internet, on television, or from others? [*If answer is "Yes," the Court is respectfully asked to inquire,*

*at the bench or in the robing room, about the extent and basis of knowledge, and whether that knowledge would affect impartiality.*]

### General Questions

5. The trial is expected to last approximately three weeks. Do you have any commitments that would interfere with you serving as a juror at a trial that is expected to end by the middle of March?

6. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

7. Do you have any difficulty in understanding or reading English?

8. Do you have any other special medical problems that might interfere with your service as a juror in this case?

### The Parties

9. As I noted before, there is one defendant in this case, MOSHE MIRILASHVILI. [*Please ask the defendant to rise when he is identified.*] Does any juror know, or has any juror had any dealings, directly, or indirectly, with the defendant named in the Indictment?

10. To your knowledge, do any of your relatives, friends or associates know the defendant?

11. The defendant is represented today by Henry Mazurek, Esq., and Wayne Gosnell, Esq., and paralegal Michael Delmancio. Do any of you know any of these individuals?

12. The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Preet Bharara. Actually appearing in this case will be Assistant United States Attorneys Edward Diskant and Brooke Cucinella, and Paralegal Elizabeth Joynes. Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Bharara, Mr. Diskant, Ms. Cucinella, Ms. Joynes, or with any other member of the staff of the United States Attorney's Office for the Southern District of New York, located in Manhattan?

13. The Assistant United States Attorneys will also be assisted in this case by Special Agent Michael Muller of the Drug Enforcement Administration or DEA. Have you or your family members or close friends had any dealings either directly or indirectly with Special Agent Muller? The Drug Enforcement Administration?

### Other Persons and Entities

14. During the trial, the Government will present evidence in the form of witness testimony. The Government expects that the following people may be witnesses or may be mentioned in testimony or exhibits.

**[The Parties will provide the Court with a full list
of relevant names/witnesses shortly before trial]**

15. Do any of you know any of the people I have just named?

16. Events in this case took place at

**[The Parties will provide the Court with a full list
of relevant locations shortly before trial]**

17. Are you familiar with any of those locations?

18. The witnesses in this case may include what are known as accomplice witnesses — a person who has pled guilty to participating in one or more of the crimes charged in the Indictment. It is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt. Is there anything about the fact that accomplice witnesses will testify in this case that would make you unable to render a fair and impartial verdict?

## Relationship with Government

19. Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Southern District of New York? The Drug Enforcement Administration?

20. Has any juror, either through any experience he

or she has had or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office? For or against the Drug Enforcement Administration? For or against any other law enforcement agency?

21. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

### **Prior Jury Service**

22. Have you ever at any time served as a member of a grand jury, whether in the federal, state or county courts?

23. Have you ever served as a juror in either the state or federal courts?

    (a) If so, when and in what court did you serve? What type of case?

    (b) Without telling us what the verdict was, did the jury reach a verdict?

    (c) Was there anything about that experience that would impact on your ability to sit as a fair and impartial

juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

24. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

25. Have you ever been a witness or a complainant in any federal prosecution or state prosecution?

26. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

27. Have you, has any member of your family, any associate, or close friend, ever been charged with a crime?  If so, do you believe that those charges were fairly brought?

28. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

29. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any*

7

*prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

30. Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the Drug Enforcement Administration or other law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement.*]

## Case Specific Questions

31. As you can tell, during the trial, you will hear evidence concerning individuals who allegedly conspired unlawfully to distribute the prescription drug oxycodone, which is a controlled substance. Does the fact that the charge involves the distribution of a controlled substance affect your ability to render a fair verdict?

32. Do you have any opinion about the enforcement of the federal drug laws that might prevent you from being fair and impartial in this case?

33. Have you ever been prescribed oxycodone by a treating physician for any reason?

34. Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

35. Have you been involved – as a defendant, victim, witness, or in any other way – in a case involving the unlawful possession or distribution of drugs?

36. The defendant is charged with acting with others in committing the alleged crime. Those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Would you have difficulty following this instruction or have difficulty rendering a fair and impartial verdict for this reason?

### Law Enforcement Witnesses

37. The Government witnesses in this case will include agents from the Drug Enforcement Administration and the New York State Attorney General's Office. Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer? Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

38. Have you ever had an unpleasant experience with any Federal law enforcement officer? [*Positive responses should be handled at sidebar so as not to influence or affect other jurors in venire.*]

### Evidence

39. Some of the evidence in this case was obtained through searches conducted by law enforcement officers. This evidence was obtained lawfully. Do you have any beliefs or experiences that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

40. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

### Function of the Court and Jury

41. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should

be.  In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment.  With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

      42.  Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

      43.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

      44.  Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

      45.  It is not a particularly pleasant duty to find

another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

46. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

47. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

### Juror's Background & Affiliations

48. Please provide the following background information:

    (a) How old are you?

    (b) What is the county and general section or

community of your residence?

   (c) What is the highest level of schooling you have completed?

   (d) Who else lives in your home with you, if anyone?

   (e) Do you have any children? If so, what are their ages and what do they do?

   (f) How long have you lived at your present address? [*If less than five years, please inquire as to prior residence.*]

   (g) What is your current employment status? [*If retired, please inquire as to former occupation.*]

   (h) [*If employed*]: What is the name of your employer?

   (i) What are your position and responsibilities at your job?

   (j) How long have you been employed in your current job? [*If present employment is for less than five years, please inquire as to prior employment.*]

   (k) [*If married or has domestic partner*]: What is your spouse's or domestic partner's profession, business or occupation? [*If spouse is retired, please inquire as to occupation before retirement.*]

(l)   Have you, any member of your family or any close friend ever been employed by any law enforcement agency – federal, state or local?  Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

(m)   Have you ever studied or practiced law or worked in any capacity for a law office?

(n)   Are any of your relatives or close friends attorneys?

(o)   Have you, any member of your family or any close friend ever been employed as a doctor?  Nurse? Any other medical profession?  [*If so: In what capacity?*]

(p)   Have you, any member of your family or any close friend ever had to take prescription pain medication?  [*If so: the Court is respectfully asked to inquire, at the bench or in the robing room, about whether that experience would affect impartiality.*]

(q)   Have you, any member of your family or any close friend ever had an addiction to prescription medication? [*If so: the Court is respectfully asked to inquire, at the bench or in the robing room, about whether that experience would affect impartiality.*]

(r)   What newspapers, magazines or websites the do you read and how often?

14

(s)   What television programs do you regularly watch?

**Requested Instructions Following Impaneling of the Jury**

49.   From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

50.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should tell that person that you cannot discuss the case and immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

51.   Please do not read or watch anything in

newspapers, television or on the internet that relates to the case or any of its participants in any way.  This means no Google searches, or looking anything up on the internet regarding the case or anyone involved in it.  Also, my instruction that you cannot discuss the case applies also to instant messages, chats, texts, emails, and social media, including facebook posts, twitter, blogs, etc.  Do not discuss the case at all, and do not write or post anything about the case at all.

Dated:    New York, New York
          February 18, 2016

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney
                                    Southern District of New York

                               By:  ____/s/_____
                                    Edward B. Diskant
                                    Brooke E. Cucinella
                                    Assistant United States Attorneys
                                    (212) 637-2294/2477