UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        v.                        :

                                  :     S2 14 Cr. 810 (CM)
MOSHE MIRILASHVILI,
                                  :

             Defendant.           :

- - - - - - - - - - - - - - - x


**THE GOVERNMENT'S REQUEST TO CHARGE**


                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                  of America

EDWARD B. DISKANT
BROOKE E. CUCINELLA
Assistant United States Attorney
      - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        v.                      :

                                :    S2 14 Cr. 810 (CM)
MOSHE MIRILASHVILI,
                                :

             Defendant.
                                :
- - - - - - - - - - - - - - - x
```

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

## REQUEST NO. 1

### General Requests

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Burden of Proof and Presumption Of Innocence.

e.   Reasonable Doubt.

f.   Jury's Recollection Controls.

g.   Inferences.

h.   Government Treated Like Any Other Party.

i.   Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j.   Credibility Of Witnesses.

k.   Right to See Exhibits and Have Testimony Read During Deliberations.

l.   Sympathy: Oath Of Jurors.

m.   Punishment Is Not To Be Considered By The Jury.

n.   Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### Summary of the Indictment

The defendant, MOSHE MIRILASHVILI, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

The Indictment in this case contains three counts. Count One charges that the defendant conspired with others known and unknown to violate the federal narcotics laws. Specifically, the Indictment charges the defendant, and others known and unknown, with conspiring to distribute, and to possess with the intent to distribute, oxycodone, which is a controlled substance.  The conspiracy charged in the Indictment is alleged to have taken place from at least in or around January 2012 up to and including in or around December 2014.

Count Two charges the defendant with unlawfully distributing oxycodone on or about January 10, 2013.

Count Three charges the defendant with unlawfully distributing oxycodone on or about October 28, 2014.

4

**REQUEST NO. 3**

**Count One: Narcotics Conspiracy:**
**General Instructions (21 U.S.C. § 846)**

As I said, Count One charges MOSHE MIRILASHVILI with
participating in a conspiracy to violate the narcotics laws of the
United States.   Count One charges, and I am reading now from the
Indictment, that:

[**The Court is respectfully requested to read Count One of**
**the Indictment.**]

What is a conspiracy?   A conspiracy is a kind of criminal
partnership, an agreement of two or more persons to join together
to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a
federal law, as charged in this Indictment, is an independent
offense.   What I mean by that is, the crime of conspiracy is separate
and distinct from the actual violation of any specific federal laws,
which the law refers to as "substantive crimes," and which are the
subjects of the charges in Counts Two and Three.

Given that a conspiracy and a substantive crime are
distinct and independent offenses, you may find a defendant guilty
of the crime of conspiracy, even if you find that he never actually
committed a substantive crime that was the object of the conspiracy.

5

In other words, you may find MOSHE MIRILASHVILI guilty of the crime of conspiracy to distribute a controlled substance — that is, guilty of agreeing to distribute a controlled substance — even if he never actually distributed a controlled substance.  Congress has deemed it appropriate to make the criminal agreement or conspiracy, standing alone, a separate crime.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, et al., Modern Federal Jury Instructions, Instr. 19-2.
>
> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 4**

**Count One: Narcotics Conspiracy:**
**Elements of the Conspiracy**

To sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant, MOSHE MIRILASHVILI, knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute narcotics.

> Adapted from the charge of the Honorable Leonard
> B. Sand in United States v. Rios, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992).
>
> Under Section 846, it is not necessary for the
> Government to allege or prove even one overt
> act.  See United States v. Shabani, 115 S. Ct.
> 382, 385 (1994) (Government need not prove
> commission of any overt acts in furtherance of
> conspiracy in violation of section 846

7

conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

**REQUEST NO. 5**

**Count One: Narcotics Conspiracy: First Element –
Existence of the Conspiracy**

Let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy. Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in the Indictment is the distribution of a controlled substance.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Your common sense will tell you that when people in fact undertake to enter into a criminal

9

conspiracy, much is left to unexpressed understanding.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  Proof concerning the accomplishment of the objects of the conspiracy may of course be evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in the Indictment actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

10

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that the defendant and at least one other alleged conspirator came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

## Object of Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. The Indictment charges that the object of the conspiracy was the distribution of a controlled substance. I instruct you as a matter of law that oxycodone is a controlled substance.

I will define the term "distribution" for you in a moment. As I will explain in more detail in a few moments, to "distribute" simply means to transfer to another. It does not require a sale. If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the defendant

participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

### Quantity

Before I go further, let me note something regarding the quantity of drugs involved.  I instruct you that the actual quantity of oxycodone involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity in determining whether the defendant is guilty or not guilty of the charge.  Similarly, because quantity is not an element, you need not find that every – or even a majority – of the prescriptions written by the defendant were written as a part of the charged conspiracy.

To satisfy this first element, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of oxycodone.

Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); the charges of the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (KTD) (S.D.N.Y. 1993) and in United States v. Ogarro, 92 Cr. 114 (KTD) (S.D.N.Y. 1992); the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-4.

See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit

understanding will suffice.  The conspirators
need not have agreed on the details of the
conspiracy, so long as they have agreed on the
essential nature of the plan, and their goals
need not be congruent, so long as they are not
at cross-purposes.") (citations omitted);
<u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025
(2d Cir. 1991) ("To prove the existence of an
agreement, the Government need not present
evidence of a formal arrangement between the
co-conspirators.  Rather, it is sufficient if
the Government can demonstrate that the
defendants acted together with others to
realize a common goal.") (citations omitted);
<u>United States </u>v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d
Cir. 1988) (generally discussing proof of
agreement).

**REQUEST NO. 6**

**Count One: Narcotics Conspiracy: First Element –
Object of the Conspiracy**

As I have just described, the prosecution must prove beyond a reasonable doubt that the defendant and at least one other alleged conspirator came to a mutual understanding, either spoken or unspoken, to distribute a controlled substance in the manner charged in the Indictment.  The second part of the first element relates to the object, or the objective, of the conspiracy.  The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.

The Indictment here charges that the alleged conspiracy had one object:  to distribute a controlled substance.  The Government need not prove that the defendant agreed to distribute any particular controlled substance, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was the distribution of some controlled substance.

Now I will instruct you about this object by defining the term "distribution."

Adapted from the charge of the Honorable Richard
J. Sullivan in United States v. Samuels, 08 Cr.
789 (RJS) (S.D.N.Y. 2009).

14

<u>REQUEST NO. 7</u>

<u>Count One: Narcotics Conspiracy: First Element –
Objects of the Conspiracy – Definition of Distribution</u>

<u>"Distribution"</u>

Under the law, a doctor who is licensed to dispense or prescribe controlled substances and who in good faith issues or fills prescriptions for drugs in the regular course of a legitimate professional practice is specifically protected from conviction under the statute.

However, the same regulations provide that a prescription for a controlled substance must be issued for a legitimate medical purpose by a practitioner acting in the usual course of his or her professional practice.  By contrast, doctors who act outside of the usual course of professional practice and prescribe or dispense drugs for no legitimate medical purpose, shall be found guilty of the unlawful distribution of a controlled substance.

In determining whether a practitioner acted without a legitimate medical purpose, you should examine all of the practitioner's actions and the circumstances surrounding them.  For example, if a doctor prescribed a drug for the purpose of improving a patient's health or addressing a legitimate medical need, you may consider this as proof that the doctor was prescribing the drug lawfully, in the usual course of professional medical practice, and

15

for a legitimate medical purpose.  On the other hand, if a doctor prescribed inordinately large quantities of controlled substances or issued large numbers of prescriptions for controlled substances; issued prescriptions that were not logically related to the patient's alleged condition or with knowledge that the drug was not being prescribed for a purpose of improving the patient's health or addressing a legitimate medical need; directed patients to or away from particular pharmacies to fill their prescriptions for controlled substances; or issued prescriptions with the knowledge that the recipient of the drug was not actually going to take the medication as prescribed, this may suggest to you that the doctor was acting outside the usual course of professional medical practice and not for a legitimate medical purpose.

These examples are neither conclusive nor exhaustive.  They are simply meant to give you an idea of the kind of behavior from which you might conclude that a doctor was not prescribing drugs for a legitimate medical purpose and was not acting in the usual course of professional medical practice.

Thus, the government must prove beyond a reasonable doubt that the object of the conspiracy in which the defendant is charged was to dispense the controlled substances, or caused them to be dispensed, other than for a legitimate medical purpose, other than in good faith, and not in the usual course of medical practice.

16

Adopted from the charge of the Hon. Loretta A. Preska in
<u>United States</u> v. <u>Wexler</u>, 03 Cr. 1150 (LAP); the Honorable
Analisa Torres in <u>United States</u> v. <u>Wiseberg</u>, 13 Cr. 794
(AT); the Honorable Lorna G. Schofield in <u>United States</u>
v. <u>Lowe</u>, 14 Cr. 055 (LGS); <u>United States</u> v. <u>Wexler</u>, 522
F.3d 194 (2d Cir. 2008); <u>United States</u> v. <u>Rosen</u>, 582 F.2d
1032 (5th Cir. 1987); Sand, et al., <u>Modern Federal Jury
Instructions</u> § 56.02 (citing <u>United States</u> v. <u>Rosen</u>, 582
F.2d 1032 (5th Cir. 1987).

**REQUEST NO. 8**

**Count One: Narcotics Conspiracy: First Element –
Good Faith**

As I have just told you, it is not a crime for a licensed medical practitioner to write a prescription for a controlled substance if there is a legitimate medical purpose for such a prescription, or if the doctor has a good faith belief that the prescription is being written for a legitimate medical purpose. Good faith in this context means the honest exercise of best professional judgment.  It means that the prescribing doctor acted in accord with what he or she should have reasonably believed to be proper medical practice.

To reiterate, therefore, to establish the first element of this crime, the Government must prove beyond a reasonable doubt that the object of the conspiracy – that is, the goal of the agreement made between the defendant and others – was to dispense oxycodone, or cause oxycodone to be dispensed, by prescriptions written other than for a legitimate medical purpose, and not in good faith or as a part of a usual and legitimate medical practice.

Adapted from the charge of the Hon. Paul A. Crotty in United States v. Chai, 13 Cr. 290 (S.D.N.Y. 2014); the Honorable Analisa Torres in United States v. Wiseberg, 13 Cr. 794 (AT); the Honorable Lorna G. Schofield in United States v. Lowe, 14 Cr. 055 (LGS); Sand,et al., Modern Federal Jury Instructions, Instr. 56-19; United

18

States v. Wexler, 522 F.3d 194, 205-06 (2d Cir. 2008).

**REQUEST NO. 9**

**Count One: Narcotics Conspiracy: Second Element -
Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must next determine the second question, and that is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that he wilfully and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law.

"Wilfully" and "Knowingly" Defined

As to this element, the terms "wilfully" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing—that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "wilfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

20

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place by or with the defendant or in his presence. The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

By pleading not guilty, MOSHE MIRILIASHVILI denies that he was a member of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact

participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

22

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem.</u>, 990 F.2d 622 (2d Cir. 1993), and from Sand, et al., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 19-6.  <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  <u>See</u> <u>also</u> <u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to

show membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991); and <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

**REQUEST NO. 10**

**Count One: Narcotics Conspiracy:**
**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or around January 2012 up to and including in or about December 2014. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

Adapted from the charge of the Honorable
John F. Keenan in United States v. Carrero,
91 Cr. 365 (S.D.N.Y. 1991); Sand, et al., Modern
Federal Jury Instructions, Instr. 3-12.

## REQUEST NO. 11

### Count One: Narcotics Conspiracy:
### Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See <u>United States</u> v. <u>Mastropieri</u>, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay)

**REQUEST NO. 12**
**Conscious Avoidance**

As I explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term.  In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact.

Thus, in determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to the count charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  One may not willfully and intentionally remain ignorant of a fact important to one's conduct in order to escape the consequences of criminal law.  The law calls this "conscious avoidance" or "willful blindness."

Where, as here, a defendant is charged with participating in a conspiracy there is a difference between (1) knowingly participating in the conspiracy, and (2) knowing the object of that conspiracy.  "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for the defendant to agree to join the conspiracy unless he knows that the conspiracy

27

exists.  However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of that undertaking.

That is, if you find beyond a reasonable doubt that the defendant knew that his co-conspirators intended to break the law, in considering whether the defendant knew that the object of the conspiracy was distribution of oxycodone pursuant to prescriptions that were issued outside the course of professional practice and not for a legitimate medical purpose, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts, that is, whether he or she deliberately closed his or her eyes to what would otherwise have been obvious.

Accordingly, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant

28

actually believed that the fact did not exist.  It is entirely up to you to decide whether the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from the charge given by the Honorable Paul A. Crotty in United States v. Choi, 13 Cr. 290 (S.D.N.Y. 2014); the Honorable Loretta A. Preska in United States v. Collins, 07 Cr. 1170 (LAP) (S.D.N.Y. 2012), and from the Honorable John F. Keenan in United States v. Rohan Cameron, 03 Cr. 1457 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 3A-2.

> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); see also United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002). "There was nothing inappropriate or inconsistent in the government arguing that [the defendant] had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion." United States v. Carlo, 507 F.3d 799, 802 (2d Cir. 2007).

> The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." United States v. Feroz, 848 F.2d 359,

360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)  if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

A conscious avoidance instruction is appropriate in a conspiracy case to prove that the defendant had knowledge of the illegal object of the conspiracy. United States v. Reyes, 302 F.3d 48, 55 (2d Cir. 2002) (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy."). See also United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014); United States v. Kaufman, 2014 WL 2048198 (JMF) (S.D.N.Y. May 19, 2014), at *7 (describing the permissible uses of a conscious avoidance charge in a conspiracy case).

<u>REQUEST NO. 13</u>

<u>Counts Two and Three: Distribution and Possession with Intent to
Distribute a Controlled Substance</u>

Count Two of the Indictment charges defendant MOSHE MIRILASVILI with the crime of distribution of a controlled substance or possession with the intent to distribute of a controlled substance, in violation of Title 21, United States Code, Sections 812 and 841. In particular, Count Two of the Indictment charges defendant MIRILASHVILI with distributing or possessing with intent to distribute oxycodone on or about January 10, 2013.

[The Court is respectfully requested to read Count Two.]

Count Three of the Indictment also charges defendant MOSHE MIRILASVILI with the crime of distribution of a controlled substance or possession with the intent to distribute of a controlled substance, in violation of Title 21, United States Code, Sections 812 and 841.  In particular, Count Three of the Indictment charges defendant MIRILASHVILI with distributing or possessing with intent to distribute oxycodone on or about October 28, 2014.

[The Court is respectfully requested to read Count Three.]

I will now instruct you about the elements of this offense.

31

## REQUEST NO. 14

### Counts Two and Three: Elements of the Offense

Under the Drug Abuse Prevention and Control Act, someone who is a "practitioner" is authorized to prescribe drugs. A "practitioner" includes" a physician . . . licensed, registered, or otherwise permitted by the United States or the jurisdiction in which he practices ... to distribute, dispense [or] administer [drugs] in the course of professional practice or research."

Thus, as I explained before, a doctor who, in good faith, writes prescriptions for drugs in the regular course of a legitimate professional practice is protected from prosecution under the statute. But doctors who act outside the usual course of professional practice and prescribe drugs for no legitimate medical purpose may be guilty of violating the law.

Specifically, in order to prove this charge against the defendant, the government must establish beyond a reasonable doubt each of the following elements of the crime:

First, that the defendant distributed narcotics;

Second, that the defendant did so knowingly and intentionally; and

Third, that the defendant prescribed the drug other than for a legitimate medical purpose and not in the usual course of medical

32

practice.

> Adapted from Sand, et al., <u>Modern Federal Jury
> Instructions</u>, Instr. 56-15; Adopted from the
> charge of the Hon. Loretta A. Preska in <u>United
> States</u> v. <u>Wexler</u>, 03 Cr. 1150 (LAP); the
> Honorable Analisa Torres in <u>United States</u> v.
> <u>Wiseberg</u>, 13 Cr. 794 (AT); the Honorable Lorna
> G. Schofield in <u>United States</u> v. <u>Lowe</u>, 14 Cr.
> 055 (LGS); <u>United States</u> v. <u>Wexler</u>, 522 F.3d 194
> (2d Cir. 2008).

## REQUEST NO. 15

## Counts Two and Three: First Element: Distributing

The first thing you must determine is whether the defendant dispensed or distributed drugs. The government may prove this element by showing beyond a reasonable doubt either that the defendant delivered the drug to the ultimate user or that the defendant wrote a prescription for the drugs.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 56-16; Adapted from Sand, Modern Federal Jury Instructions, Instr. 56-15; Adopted from the charge of the Hon. Loretta A. Preska in *United States* v. *Wexler*, 03 Cr. 1150 (LAP); the Honorable Analisa Torres in *United States* v. *Wiseberg*, 13 Cr. 794 (AT); the Honorable Lorna G. Schofield in *United States* v. *Lowe*, 14 Cr. 055 (LGS); *United States* v. *Wexler*, 522 F.3d 194 (2d Cir. 2008).

34

**REQUEST NO. 16**

**Counts Two and Three: Second Element: Intentionally and Knowingly**

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted "intentionally and knowingly."  I have already explained to you what these terms mean in the context of the conspiracy charge contained in Count One.

With respect to Counts Two and Three in particular, they mean that the Government must prove beyond a reasonable doubt that when the defendant delivered or prescribed the drugs, he did so knowingly and intentionally. That is, the government must prove that the defendant knew what he was doing when he prescribed or delivered the drugs, and was not acting out of mistake or carelessness.

As you can see, this element concerns a person's state of mind. As I mentioned earlier, direct proof of state of mind is not always available.  Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 56-17; United States v. Moore, 423 U.S. 122, 96 S. Ct. 335, 46 L. Ed. 2d 333 (1975); Hon. Paul A. Crotty, Jury Charge, United States v. Amaury Lopez Jr., et al., 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. John F. Keenan, Jury Charge, United States v. Minaya, 10 Cr. 1179 (JFK); Hon. Michael B. Mukasey, Jury Charge, United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991); and Hon. Michael B. Mukasey,

Jury Charge, <u>United States</u> v. <u>Uccio</u>, 88 Cr. 906
(S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990); and
from Sand, et al., <u>Modern Federal Jury
Instructions</u>, Instr. 44-5 (based on the charge
of the Honorable Edward Weinfeld in <u>United
States </u>v. <u>Ranney</u>, 82 Cr. 771 (S.D.N.Y. 1983)).

<u>See</u> <u>also</u> <u>United States</u> v. <u>Pomponio</u>, 429 U.S. 10,
12 (1976) (per curiam); <u>United States</u> v.
<u>Winston</u>, 558 F.2d 105, 107-109 (2d Cir. 1977);
<u>United States</u> v. <u>Gentile</u>, 530 F.2d 461, 469- 70,
<u>cert. denied</u>, 426 U.S. 936 (1976).

## REQUEST NO. 17

## Counts Two and Three: Third Element: No Legitimate Medical Purpose

The final element the government must prove beyond a reasonable doubt is that the defendant prescribed the drug other than for a legitimate medical purpose and not in the usual course of medical practice.

I have already instructed you on the meaning of these terms with respect to Count One, and my instructions on this issue apply with equal force when you consider Counts Two and Three.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 56-18; the charge of the Hon. Loretta A. Preska in United States v. Wexler, 03 Cr. 1150 (LAP); the Honorable Analisa Torres in United States v. Wiseberg, 13 Cr. 794 (AT); the Honorable Lorna G. Schofield in United States v. Lowe, 14 Cr. 055 (LGS); United States v. Wexler, 522 F.3d 194 (2d Cir. 2008).

**REQUEST NO. 18**
**Venue**

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, which includes Manhattan.  This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime occurred within the Southern District of New York.

As to the venue requirement, and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime that you are considering or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York, including in the Manhattan.

If you find that the Government has failed to prove this venue requirement as to any count, then you must acquit the defendant on that count.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11; the Hon. Paul A. Crotty, Jury Charge, United States v. Amaury Lopez Jr., et al., 10 Cr. 798 (PAC) (S.D.N.Y. 2011); and the Hon. Paul A. Engelmayer, Jury

Charge, <u>United States</u> v. <u>Angelo Fernandez</u>, 13
Cr. 20 (S.D.N.Y. 2013).

*See* <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044,
1054-55 (2d Cir. 1991) (affirming that venue is
governed by a preponderance standard).

## REQUEST NO. 19
## Particular Investigative Techniques Not Required
### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 20**
**Use of Audio Recordings and Transcripts**
[If Applicable]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

The transcripts of the recordings were provided to you as aids – the recordings themselves are the evidence.

If you wish to view any of the recordings or transcripts, they will be made available to you during your deliberations.

> Adapted from Hon. Paul A. Engelmayer, Jury Charge, United States *v.* Angelo Fernandez, 13 Cr. 20 (S.D.N.Y. 2013); Hon. Pierre N. Leval, United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); Hon. John G. Koeltl, United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

41

**REQUEST NO. 21**
Accomplice Testimony

You have heard testimony from several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and convictions should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her

42

credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether that interest has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that

43

their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part of his testimony, you still may accept other parts of his testimony, or you may disregard all of it. That is a determination entirely for you.

> Adapted from the charge of the Honorable Gerard E. Lynch in United States v. Michael Jones, 02 Cr. 674. See also Sand, et al., Modern Federal Jury Instructions, Instr. 7-5.

**REQUEST NO. 22**
Accomplice Testimony-Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges. The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-110. See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

**REQUEST NO. 23**
Defendant's Statements

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the government's use of this evidence is entirely lawful.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-19, and from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

**REQUEST NO. 24**
**Law Enforcement Witnesses**

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

## REQUEST NO. 25
### Expert Witnesses

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence

48

does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.  How much or how little weight, if any, you give to the testimony of an expert witness is for you to consider and determine like you would any other witness.

Adapted from Hon. Pierre N. Leval, Jury Charge, <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992); Hon. Michael B. Mukasey, <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (S.D.N.Y. 1991).

49

<u>REQUEST NO. 26</u>
<u>Preparation of Witnesses</u>
[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

50

### REQUEST NO. 27
### Stipulation of Facts
### [If Applicable]


In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

## REQUEST NO. 28

## Stipulation of Testimony
### [If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-6 & 5-7.

<u>REQUEST NO. 29</u>

<u>Persons Not On Trial Or Not Indicted</u>

Some of the people who may have been involved in the events leading to this trial are not on trial.  This should not factor into your deliberations in any respect.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u> <u>et</u> <u>al</u>., S 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert</u>. <u>denied</u>, 446 U.S. 907 (1980).

> Adapted from Judge Pollack's charge in <u>United States</u> v. <u>Bynum</u>, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., <u>Modern Jury Instructions</u>, Instr. 3-4.

Adapted from the charge of Judge Leisure in
<u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348
(PKL) (S.D.N.Y. 2004).

<u>**REQUEST NO. 30**</u>

<u>**Defendant's Right Not to Testify**</u>
**[If Requested by Defense]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.


Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

## REQUEST NO. 31

### Defendant's Testimony
### [Requested Only If Defendant Testifies]

The defendant, MOSHE MIRILASHVILI, testified at trial. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238 (2d Cir. 2006).

### REQUEST NO. 32

### Uncalled Witness - Equally Available to Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

  You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7.

**REQUEST NO. 33**
**Use of Evidence Obtained Pursuant to Search**

You have heard testimony about evidence seized during searches, including searches of the defendant's medical clinic, the defendant's home as well one or more computers and cellular telephones.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt beyond a reasonable doubt of the defendant you are considering.

> Adapted from the charges of Judge Pierre N.
> Leval in United States v. Ogando, 90 Cr. 469
> (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d
> Cir. 1992) and in United States v. Mucciante,
> 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 34
## Charts and Summaries

Some of the exhibits at this trial were charts.  These charts were introduced basically as summaries.  They are not direct evidence, really.  They are summaries of the evidence.  They are visual representations of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you.  They are not in and of themselves evidence.  They are intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

Ladies and gentlemen, it is up to you to determine whether these charts should be accepted or rejected on the basis of the underlying evidence and whether they have any value or significance whatsoever.

To the extent that the charts conform with what you

59

determine the underlying evidence to be, you may accept them.  But one way or the other, you should realize that charts are not in and of themselves direct evidence.  They are merely visual aids.

> Adapted from the charge of the Honorable Kevin T. Duffy in United States v. Castellano, SSS 84 Cr. 63, aff'd in part and rev'd in part sub nom. United States v. Gaggi, 811 F.2d 47 (2d Cir.), cert. denied, 482 U.S. 929 (1987), Tr. at 7019-20, and from Sand, et al., Modern Federal Jury Instructions, Instr. 74-12.

**REQUEST NO. 35**
**Other Act Evidence**
**[If Applicable]**

The Government has offered evidence regarding **[similar acts to be provided if applicable].** Let me remind you that the defendant is not on trial for committing any acts that are not in the Indictment. Accordingly, you may not consider evidence regarding certain statements made by others about the defendant and about crimes he may have committed in the past as a substitute for proof that the defendant committed any of the crimes with which he is charged in the Indictment, nor may you consider this evidence as proof that he has a criminal personality or bad character.

**[Similar acts to be provided if applicable]** was admitted for a much more limited purpose and you may consider it for that limited purpose only. You may, but are not required, to draw an inference from the evidence regarding these other acts you have heard testimony regarding that the defendant acted knowingly and intentionally in connection with the crime he is charged with in the Indictment. This evidence may not be considered for you for any other purpose. Specifically, you may not use the evidence to conclude that he must have committed the crimes charged in the Indictment.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25, 5-26 and from the charge of the Honorable Denise L. Cote in United States v. Jose Morales, 11 Cr. 29 (DLC).

61

**REQUEST NO. 35**
Improper Considerations
Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charges of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (S.D.N.Y. 2003), and of the Hon.Denny Chin in United States v. Olajide, 01 Cr. 365.

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each of the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

63

Remember at all times, you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from the charge of the Honorable Arnold
Bauman in <u>United</u> <u>States</u> v. <u>Soldaro</u>, 73 Cr. 167,
Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See</u> <u>also</u>
<u>United</u> <u>States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26
(S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:      New York, New York
            February 18, 2016

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York
                          Attorney for the United States
                            of America



                      By:___/s/_____
                          Edward B. Diskant
                          Brooke E. Cucinella
                          Assistant United States Attorneys
                          (212) 637-2294/2477