

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Wayne E. Gosnell, Jr.
mazurek@clayro.com
gosnell@clayro.com

March 6, 2016

By ECF

The Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Mirilishvili</u>, S2 14 Cr. 810 (CM)

Dear Judge McMahon:

       Dr. Moshe Mirilashvili respectfully moves the Court to preclude the government from offering a portion of government exhibit GX1204 that improperly incorporates the expert opinion of a non-testifying witness.  Allowing the government to introduce expert opinion under these circumstances violates the prohibition against improper opinion testimony found in Federal Rules of Evidence 701 and 702.  Accordingly, the Court should preclude this evidence.

       Government Exhibit GX1204 (attached here as Exhibit A) is a record from AEGIS Sciences Corporation ("AEGIS") that provides a list of test/specimen numbers, a patient name, and (presumably) a specific gravity amount.  At the top of the document, it includes the following language:

> ***All exhibit VERY similar specific gravities, metabolism patterns, and quants (oxycodone, noroxycodone, and oxymorphone). The creatinine, pH, nitrates, and chromates results, they were similar as well.***

(Exhibit A at 1 (bolding in original).)  Later in GX1204, each of the laboratories contained in the list are attached and reflect that the certifying scientist for each report was "D. Mayi."

An analysis of the listed lab reports reveals the following range of results:

| Test | Lowest Result | Highest Result |
|---|---|---|
| Oxycodone | 1630 ng/mL | 6920 ng/mL |
| Oxymorphone | 927 ng/mL | 1710 ng/mL |
| Noroxycodone | 2230 ng/mL | 9300 ng/mL |
| Specific Gravity | 1.0107 | 1.0200 |
| Creatinine | 84 mg/dL | 137 mg/dL |
| pH | 6.4 | 8.7 |

The similarity of these results does not reveal itself to a layperson. Rule 701 provides that a lay witness may testify to his or her lay opinion so long as it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Neither the identify or qualifications of the author of the bolded language in GX1204 are known to us. What we do know is that person will not be testifying at trial. Instead, the government has chosen to call Joel Galanter, an attorney and general counsel to AEGIS. He is not a chemist or toxicologist and is not qualified to testify to the expert opinion incorporated into the document.

Clearly, to opine that test results having those ranges of results are "VERY similar," one would need to be qualified as an expert pursuant to Rule 702. The government will not seek qualify to Mr. Galanter as an expert and he is incompetent to testify to this opinion at trial. Because the government will not call a toxicology expert to testify about the similarity of these results, the expert opinion should be precluded.

For the reasons set forth above, we respectfully request that this Court preclude the government from introducing that portion of GX 1204 that constitutes improper expert opinion.

Respectfully yours,

_____/S/HEM_____
Henry E. Mazurek
Wayne E. Gosnell, Jr.
*Counsel for Defendant Moshe Mirilishvili*

Cc:   Edward B. Diskant (via ECF)
      Brooke Cucinella (via ECF)