

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2016

**BY E-MAIL**

The Honorable Colleen McMahon
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Mirilashvili et al., S2 14 Cr. 810 (CM)**

Dear Judge McMahon:

      We write in response to the motion of the defendant filed at 11:10 p.m. last evening seeking to preclude the Government from offering a small portion of one document the Government anticipates offering through its first witness this morning, Joel Galanter. That document, which has been marked Government Exhibit 1302, is attached hereto.[1] As the defendant correctly notes, Mr. Galanter is the General Counsel of Aegis Laboratories, a medical laboratory based in Nashville, Tennessee, that provides compliance testing services to more than 2,000 pain management doctors across the country including, for a brief period in 2014, the defendant.

      Mr. Galanter is expected to testify to his role in making the decision to terminate the defendant as a client of Aegis in August 2014. Mr. Galanter is further expected to testify that he made that decision based on a number of problems Aegis identified with the defendant, including a significant number of urine samples provided by the defendant's patients that Aegis deemed suspect. In particular, Mr. Galanter is expected to testify that he made the decision to terminate the defendant as a client because Aegis determined that significant numbers of samples provided by the defendant's patients either indicated: (1) unusually high quantities of oxycodone, typically indicative of pill "scraping" (that is, the illegitimate practice of putting crushed oxycodone into otherwise clean urine samples), or (2) unusual similarities, typically indicative of multiple samples (ostensibly taken from different patients) all coming from the same person. Because Mr. Galanter is not an expert, the Government does not anticipate eliciting any detail with

---

[1] The same document had previously been marked as Government Exhibit 1204, which is how the defendant refers to it. For administrative reasons, the Government has renumbered the same document as 1302.

respect to the science behind testing.  It does anticipate offering as business records, (and to the Government's knowledge, without objection), a number of the specific lab reports created by Aegis.

With respect to the specific document at issue, which Mr. Galanter will testify reflects a list prepared by Aegis in July 2014 of specific samples deemed to be suspicious, Mr. Galanter is expected to provide a foundation for the document as a business record – that is, a document created by Aegis in the ordinary course its business and made at or near time the of the events in question and by a person with knowledge.  Moreover, he is expected to testify that Aegis then took steps to transmit the substance of the document – that is, the list of patients whose samples had been deemed suspicious as well as the reason they were deemed suspicious – to the defendant.  The Government expects that subsequent trial testimony offered by different witnesses will establish that the list was, in fact, received by the defendant and that substantially all of the patients whose samples had been deemed suspicious nonetheless continued to receive oxycodone prescriptions from the defendant.

Given the above, the Government submits the document in question is properly admissible as a business record being offered for a proper purpose, namely to show: (1) the nature of the information provided to the defendant by Aegis, and (2) the basis for action taken by the testifying witness, *i.e.* the decision to terminate the defendant as a client.  The Government is not offering the document for the purpose of providing any sort of expert opinion but instead for the more limited purposes described above.  To the extent the Court feels some sort of a limiting instruction is appropriate, the Government has no objection to one.

            Respectfully submitted,

            PREET BHARARA
            United States Attorney

     By:  __/s/_____
        Brooke E. Cucinella/Edward B. Diskant
        Assistant U.S. Attorneys
        212-637-2477/2294

Cc:  Henry Mazurek, Esq.
    Wayne Gosnell, Esq.