

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2016

**BY E-MAIL**

The Honorable Colleen McMahon
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Mirilashvili et al., S2 14 Cr. 810 (CM)**

Dear Judge McMahon:

      We write in response to the motion filed this evening of the defendant which seeks reconsideration of this Court's prior ruling permitting the Government to offer evidence of the defendant's tax returns during the time period 2010 through 2014 and similarly seeks to preclude the Government from offering BNE data for the same time period. For the reasons that follow, the Government respectfully submits the motion – which rests principally on issues and arguments the defendant will be free to raise through cross-examination and closing – should be denied.

      With respect to the tax returns, and as the Court has already ruled in denying this motion the first time, the defendant's "sudden accumulation of wealth" is plainly relevant and "admissible evidence of the operation and background of the charged conspiracy." (Dkt. 213. at 12.) The 2010 and 2011 tax returns, and the income or lack thereof reported in those years, is a necessary component of that evidence, as it demonstrates the very substantial contrast between the defendant's income prior to opening the Clinic and his income thereafter – that is, the "sudden accumulation" noted by the Court. No further context is necessary to explain that evidence, nor does the defendant identify any other basis for disturbing that prior decision.

      With respect to the BNE data, the Government submits that it is probative and relevant for substantially the same reasons – namely, to show the comparison between the prescriptions reported to BNE as written by the defendant prior to opening the Clinic and the prescriptions reported as written by the defendant during the period of the charged conspiracy. Specifically, the Government expects that data to show that prior to the opening of the Clinic in 2012, not only were fewer total prescriptions reported to BNE, but those that were reported reflected a far broader range of controlled substances prescriptions being written. In 2010, for example, BNE

data reflects approximately 591 prescriptions for controlled substances written by the defendant, of which, nearly 97 percent were written for a controlled substance *other* than oxycodone 30 milligram tablets, the primary subject of the prescriptions at issue in this trial.  The same is true for 2011. Summary charts the Government intends to offer highlighting this data, and marked as Government Exhibits 101 and 102, are attached as exhibits hereto.

      By contrast, between October 2012 (approximately when testimony has established the Clinic opened) and the defendant's arrest in December 2014, BNE data reflects the defendant wrote more than 13,000 prescriptions for controlled substances, of which 98 percent were for oxycodone 30 milligram tablets.  That comparison – not only of the total volume but of the general makeup and variety of the prescriptions filled – is plainly probative of a core issues in dispute, namely the defendant's own evolving understanding of the "legitimate practice of medicine." Moreover, when coupled with the financial data above, this evidence is also probative of the defendant knowledge and intent in changing his prescribing habits drastically over a brief period of time.

      Finally, it is simply inaccurate to suggest that the Government has offered no evidence of the defendant's employment or medical practice prior to the opening of the Clinic in the fall of 2012.  First, the Government has offered the defendant's DEA registration history, Government Exhibit 1206, which shows the defendant as practicing at several addresses in the Bronx during the period 2010-2012, including a facility located at 966 Prospect Avenue and 357 East 145th Street.  With respect to the second location, Abraham Correa has testified to visiting the defendant at the location, which he described as an "office space with like two or three other doctors; it was real small, nice, clean, limited patients."  (Tr. 328:19-20.)  The Government also offered a photograph of the exterior of that location, Government Exhibit 7-B, through Mr. Correa. With respect to the first location, 966 Prospect Avenue, the Government anticipates offering tomorrow, through the BNE custodian, evidence that that location correspondents to a multi-doctor, institutional facility.  The Government also expects to offer a photograph of that location, Government Exhibit 7-D, through a subsequent witness.

      In sum, the Government submits that the evidence at issue is properly admissible, that the concerns raised by the defendant go to weight, not admissibility, and should be reserved for argument, and thus the defendant's motion should be denied.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By:    /s/_____
      Brooke E. Cucinella/Edward B. Diskant
      Assistant U.S. Attorneys
      212-637-2477/2294

Cc:   Henry Mazurek, Esq.
      Wayne Gosnell, Esq.