

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 13, 2016

**VIA ELECTRONIC MAIL and ECF**

The Honorable Colleen McMahon
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Mirilashvili et al.,</u> S2 14 Cr. 810 (CM)

Dear Judge McMahon:

      We write with respect to the Court's proposed instruction on good faith. As reflected in the draft proposed charge, the Government believes the instruction may be confusing in two respects.

      *First*, the Government does not believe that "good faith" is properly characterized as an additional element on which the Government carries a separate burden. "Good faith" is, as the Court has previously noted, an "affirmative defense" (Dkt. 213 at 1) because, if established, it negates the element of criminal intent – that is, the third element of Counts Two and Three as reflected in the Court's current charge. *See also United States* v. *Wexler*, 522 F.3d 194, 205 (2d Cir 2008) (referring to good faith as a "defense" to be raised by the defendant). The Government, thus, would agree that if the jury finds that the "defendant acted in good faith in dispensing the drugs, then you must find him not guilty" because under those circumstances the Government would not have met its burden of establishing that third element – that is, of meeting its burden of showing that the defendant "knowingly and intentionally act[ed] outside the usual course of professional practice, and not for a legitimate medical purpose." [Charge at 24]. However, we believe it is confusing and not entirely accurate to instruct the jury that the Government bears the burden not only of proving criminal intent as correctly defined on Page 24 of the Charge but of additionally proving "a lack of good faith." We believe those to be one in the same. [1]

---

[1] The Government is particularly concerned about framing the burden as one of proving a *lack of* good faith, since proving a lack of anything, particularly a mental state, is a potentially confusing concept for the jury. To the extent the Court is inclined to keep that portion of the instant charge, the Government would respectfully request that the Court consider framing the Government's burden as an affirmative one – that is, to prove the defendant "did not act in good

*Second*, with respect to the meaning of "good faith," the Second Circuit has previously ruled that the standard is an objective one, not a subjective one. *See, e.g.*, *United States* v. *Vamos*, 797 F.2d 1146, 1153 (2d Cir. 1986) ("To permit a practitioner to substitute his or her views of what is good medical practice for standards generally recognized and accepted in the United States would be to weaken the enforcement of our drug laws in a critical area.")  We thus believe it is inaccurate to instruct the jury that good faith constitutes what the defendant "believed to be proper medical practice." (Charge at 26).

Consistent with the above, we would thus propose the following changes to the instruction as drafted:

> TO SATISFY THIS ELEMENT, ~~In addition to the other elements the Government must prove beyond a reasonable in connection with Counts Two and Three,~~ the Government must ~~also~~ prove beyond a reasonable doubt that Dr. Mirilashvili did not act in good faith when he prescribed the oxycodone.
>
> Good faith in this context means the honest exercise of best professional judgment; that is, that the doctor acted in accordance with ~~what he reasonably believed to be~~ a standard of medical practice generally recognized and accepted in the United States. Good faith is not just a practitioner's sincere intentions towards his patients; it also encompasses a sincere attempt to conduct himself in accordance with ~~what he believed to be~~ proper medical practice.
>
> ~~Because the defendant never has the burden of proof in a criminal case, the burden is on the Government to show a lack of good faith beyond a reasonable doubt.~~
>
> If you find that Dr. Mirilashvili acted in good faith in distributing the drugs that are the subject of either or both of Counts 2 and 3, then you must find him not guilty of that count.
>
> BY CONTRAST, IF YOU FIND THE DEFENDANT DID NOT ACT IN GOOD FAITH IN DISTRIBUTING THE DRUGS THAT ARE THE SUBJECT OF EITHER OR BOTH OF COUNTS 2 OR 3, THEN YOU MAY FIND THAT THE GOVERNMENT HAS SATISFIED ITS BURDEN WITH RESPECT TO THIS ELEMENT.

---

faith," which is consistent with the Court's current instruction on this issue with respect to Count One.  (Charge at 36.)

Alternatively, the Government would have no objection to use of the instruction approved in *Wexler* which we believe addresses both of these concerns. There, the Circuit approved of the following instruction on this issue:

> [T]he Government must prove beyond a reasonable doubt that the defendant dispensed the drugs, or caused them to be dispensed, other than for a legitimate medical purpose, other than in good faith, and not in the usual course of medical practice.
>
> Good faith in this context means the honest exercise of best professional judgment as to a patient's medical needs. It means that the doctor acted in accord with what he should have reasonably believed to be proper medical practice.

522 F.3d at 205.

The Government anticipates having a limited number of additional and minor comments on other aspects of the proposed instruction which it will raise at the charge conference.

            Respectfully submitted,

            PREET BHARARA
            United States Attorney

By:   /s/_____
      Brooke E. Cucinella/Edward B. Diskant
      Assistant U.S. Attorneys
      212-637-2477/2294

Cc:    Henry Mazurek, Esq.
        Wayne Gosnell, Esq.