

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Wayne E. Gosnell, Jr.
mazurek@clayro.com
gosnell@clayro.com

March 13, 2016

By ECF

The Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Mirilishvili</u>, S2 14 Cr. 810 (CM)

Dear Judge McMahon:

    Dr. Moshe Mirilashvili submits this letter with respect to the Court's draft charge. Based on the trial evidence, we believe that the Court's draft charge should be changed as follows.

    *First,* Dr. Mirilashvili requests that the beginning of the fourth paragraph on page 24 be modified as follows:

\*\*\*

    You must remember that this is a not a medical malpractice case; this is a criminal case. It is not enough for the Government to prove mere negligence, malpractice, carelessness, ~~or sloppiness~~ <u>sloppiness, or even gross negligence</u> on Dr. Mirilashvili's part.

\*\*\*

    This modification is necessary because Dr. Gharibo testified on several occasions that Dr. Mirilashvili's practice was "grossly" outside the norms. *See* Tr. at 898:5-10 (discussing Dr. Mirilashvili's practice of taking shorthand notes as being "grossly inadequate"); 918:15-17 (testifying that the "history and physical . . . was grossly inadequate"); 929:12 (noting that the documentation was grossly inadequate"*).* Gross negligence is typical for medical malpractice cases; it has no place in the jury's consideration of these charges. Accordingly, we request that the charge be amended as set forth above.

*Second*, we request that the Court supplement its Unanimous Verdict charge contained on Page 39.  Counts Two and Three of the Indictment charge Dr. Mirilashvili with the substantive charge of illegally distributing Oxycodone on two dates.  However, the Government alleges that each of those charges pertain to various prescriptions (18 on Count 2; 33 on Count 3).  Without a more specific charge, Dr. Mirilashvili could be convicted of Count 2 if some jurors believed beyond a reasonable doubt that he illegally wrote the first 9 listed prescriptions and the other half of the jurors believed beyond a reasonable doubt that he illegally wrote the last 9 listed prescriptions.

Accordingly, we request that the Court supplement its Unanimous Verdict charge with the following paragraph:

\*\*\*

Counts 2 and 3 of the Indictment allege that the defendant illegally distributed Oxycodone on, respectively, January 10, 2013 and October 28, 2014 and that various prescriptions for Oxycodone were issued by Dr. Mirilashvili on those dates.  These are called specific acts.   The Government need not prove that each and every specific act was committed.  But the Government is required to prove that Dr. Mirilashvili committed at least one of the specific acts alleged for the Count you are considering.  To find that the Government has proved that Dr. Mirilashvili committed a specific act, the jury must unanimously agree on which specific act he committed.

For example, on Count Two, if some of you find that Dr. Mirilashvili issued one prescription in violation of the law but the rest find that Dr. Mirilashvili issued a different prescription in violation of the law, then there is no unanimous agree on which act has been proved and the Government has not sustained its burden.  On the other hand, if all jurors find that Dr. Mirilashvili issued the same prescription in violation of the law, then there is unanimous agreement.

\*\*\*

While the failure to give a specific act unanimity charge is not *per se* error, the Second Circuit has observed that it is "sound practice for a trial judge to charge a jury that it must be unanimous as to what specific transaction serves as the basis for a conviction." *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir. 2006).

                                                         Respectfully submitted,

                                                         /S/HEM

                                                       Henry E. Mazurek
                                                       Wayne E. Gosnell, Jr.
                                                       *Counsel for Defendant Moshe Mirilishvili*

Cc:    Edward B. Diskant (via ECF)
           Brooke Cucinella (via ECF)