

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Wayne E. Gosnell, Jr.
mazurek@clayro.com
gosnell@clayro.com

March 14, 2016

By ECF

The Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

**Re: United States v. Mirilashvili, S2 14 Cr. 810 (CM)**

Dear Judge McMahon:

Dr. Moshe Mirilashvili submits this letter with respect to the Court's draft charge circulated earlier today. While preserving our prior objections, we respectfully submit that the charge should be modified as set forth below:

*First*, the title on page 25 should be amended as follows (addition is underlined):

*Counts Two and Three: Third Element: Distribution of a Controlled Substance by a Physician other than for a Legitimate Medical Purpose, other than in Good Faith, and Outside the Usual Course of Professional Practice*

This modification reflects the now-amended charge contained in that section which discusses "good faith" and is in line with the most recent Second Circuit opinion on the matter. *See United States v. Stambler*, 2015 U.S. U.S. App. Lexis 18905, at *14 (2d Cir. Oct. 30, 2015) (noting that a jury instruction must convey that "the Government [is] required to prove that [the defendant] caused the drugs to be dispensed other than for a legitimate medical purpose, *other than in good faith*, and not in the usual course of medical practice") (italics added, other alterations in original). This modification will also help jurors refer back to this charge as they will be further instructed on page 37 of the draft charge.[1]

[1] We also request that page 37 reference the specific page number(s) the jurors should consult for the "good faith" charge.

Second, we request that the final paragraph in the good faith charge be changed. Currently, that paragraph reads:

*If, however, the Government proves beyond a reasonable doubt that the defendant did not act in good faith, as I have defined that term for you, when distributing the drugs that are the subject of either or both of counts Two or Third [sic], then you may conclude that the Government has satisfied its burden with respect to the third element.*

Respectfully, that charge misstates the law because it absolves the government of its obligation to prove beyond a reasonable doubt that Dr. Mirilashvili also distributed oxycodone other than for a legitimate medical purpose and outside the usual course of professional practice. The government bears that burden irrespective of whether it proves beyond a reasonable doubt that Dr. Mirilashvili acted other than in good faith. Accordingly, we request that the charge be modified as follows (alterations are underlined):

*If, however, the Government proves beyond a reasonable doubt that the defendant did not act in good faith, as I have defined that term for you, when distributing the drugs that are the subject of either or both of counts Two or Three, and you find that the government also proved beyond a reasonable doubt that he distributed the drugs other than for a legitimate medical purpose and outside the usual course of medical practice, then you may conclude that the Government has satisfied its burden with respect to the third element.*

Third, we request that "good faith" be added to the first paragraph of the unanimity charge contained on page 27. This is consistent with the court's earlier charge on page 25. We also request, for the reasons articulated above regarding the substantive charge on page 27, that the second paragraph should incorporate the remaining elements that the government must prove beyond a reasonable doubt (*i.e.* other than a legitimate medical purpose and outside the usual scope of professional medical practice) rather than focus, exclusively, on good faith.

We respectfully request that the charge be modified as follows (alterations are underlined):

*In order to convict the defendant under either or both of Counts Two and Three, all twelve jurors must agree beyond a reasonable doubt on precisely which prescription the defendant wrote for other than a legitimate medical purpose, other than in good faith, and outside the usual scope of medical practice.*

*For example, let us say that, when considering Count Three, six of you thought that Dr. Mirilashvili did not have a good faith medical reason for writing an oxycodone prescription for Mary Smith but did have a good faith medical reason for writing an oxycodone prescription for Robert Jones; and the other six thought that the defendant had a good faith medical reason for writing an oxycodone prescription for Mary Smith but did not have a good faith medical reason for writing a prescription for Robert Jones. In that circumstance, and assuming of course that you were otherwise unanimous that the prescriptions were for other than a legitimate medical reason and outside the scope of professional practice, you would not be unanimous for the purpose of returning a verdict—even though all twelve of you thought that the doctor had written at least one prescription not for a legitimate medical reason and outside the scope of medical practice. You must be unanimous that the government has proven all of the elements beyond a reasonable doubt as well as to precisely which prescription that finding applies.*

*Fourth*, we request that the "good faith" element that the government must prove beyond a reasonable doubt be referenced wherever the charge mentions the other elements. In the third paragraph on page 31, the charge should be amended as follows (alterations are underlined):

*In deciding whether the Government has proved beyond a reasonable doubt that the defendant knew that the object of the conspiracy was the distribution of oxycodone using prescriptions that were written outside the usual course of a medical practice, not in good faith, and that were not written for a legitimate medical purpose, you may consider whether the defendant deliberately closed his eyes to what would otherwise be obvious to him.*

Respectfully submitted,

/S/HEM

Henry E. Mazurek
Wayne E. Gosnell, Jr.
*Counsel for Defendant Moshe Mirilishvili*

Cc: Edward B. Diskant (via ECF)
Brooke Cucinella (via ECF)