

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2016

**VIA ELECTRONIC MAIL and ECF**

The Honorable Colleen McMahon
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>  Re: **United States v. Mirilashvili et al.,** S2 14 Cr. 810 (CM)

Dear Judge McMahon:

    We write in response to the defendant's motion to reopen the case in response to comments made by the Government in its rebuttal summation:

> I move to reopen the record to allow us to offer DM01 and DM02, which are the follow-up visit recordings of the Lantigua patient visit on the ground that in rebuttal summation the government made the argument that the fact that there were no medical records in the file indicated that Dr. Mirilishvili was not medically treating this patient when they know that there are in fact multiple additional recordings and transcripts of all of the subsequent visits between the doctor and Mr. Lantigua. I believe that they have opened the door to the request that those recordings be admitted into evidence in order to complete the record of the medical diagnosis and treatment that the doctor in fact gave to Jose Lantigua.

(Tr. at 1402.)

    After reviewing the transcript, the Government concedes it misunderstood, in Court, the argument the defendant was making, which appears to be focused primarily on the Government's comments on Government Exhibit 210, Mr. Lantigua's electronic patient file. Specifically, in its rebuttal summation, the Government stated:

> There is nothing here, folks, not a single thing. No diagnosis at all. All of the things Dr. Warfield, the defendant's expert, told you had to exist in order to have a legitimate doctor/patient relationship, none of them are here.

(Tr. at 1392). The Government believes that the statement fairly describes Government Exhibit 210, Mr. Lantigua's Practice Fusion file, which was displayed on the jurors' monitors at the time

the statement was made. Simply put, there are no substantive notes in Practice Fusion regarding Mr. Lantigua. This, in and of itself, is a factor the Government has argued throughout this case is indicative of the crime charged irrespective of what the defendant was doing in the examination room. Put differently, the Government's argument was that whatever conversations the CS had with the defendant, they were not formally memorialized in the Practice Fusion file.  As the Court noted, "the point being that when you look at the medical record, there is literally nothing. You can listen to all the transcripts in the world and there is still literally nothing written on the medical record." (Tr. at 1404.)

We would note the Government made a similar comment about Mr. Lantigua's Practice Fusion file, without objection, in its closing and has also showed the document to witnesses during the course of the trial who have testified to this very issue and been subject to cross examination with respect to it.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

By:    __/s/_____
        Brooke E. Cucinella/Edward B. Diskant
        Assistant U.S. Attorneys
        212-637-2477/2294

Cc:    Henry Mazurek, Esq.
        Wayne Gosnell, Esq.