```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                          Docket #14cr810
 UNITED STATES OF AMERICA,          :

                    Plaintiff,      :

   - against -                      :

 MOSHE MIRILISHVILI, et al.         : New York, New York
                                      December 11, 2014
                    Defendants.      :

------------------------------------ :

                      PROCEEDINGS BEFORE
                 THE HONORABLE KEVIN N. FOX,
           UNITED STATES DISTRICT COURT MAGISTRATE JUDGE


APPEARANCES:

For the United States     UNITED STATES ATTORNEYS OFFICE
  Of America:             SOUTHERN DISTRICT OF New York City
                          BY:  EDWARD DISKANT, ESQ.
                          One Saint Andrew's Plaza
                          New York, New York 10007

For Mirilishvili:         MIEDEL & MYSLIWIEC
                          BY:  FLORIAN MIEDEL, ESQ.
                          111 Broadway, Suite 1401
                          New York, New York 10006




Transcription Service: Carole Ludwig, Transcription Services
                       141 East Third Street #3E
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES CONTINUED:

For Middleton:          PATRICK JOYCE, ESQ.
                        70 Lafayette Street
                        New York, New York 10013

For Leonard:            IRVING COHEN, ESQ.
                        233 Broadway, Suite 2701
                        New York, New York 10279

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> |
|---|---|---|---|---|
| None | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

```
 1                                            4
 2           THE CLERK:  U.S. v. Moshe Mirilishvili, Damon
 3  Leonard, and Carolyn Middleton.  Counsel, please state your
 4  name for the record starting with the Government.
 5           MS. EDWARD DISKANT:   Good afternoon, Your Honor,
 6  Edward Diskant for the Government.  With me at counsel
 7  table is Danielle Craig, a paralegal with our office, and
 8  Lieutenant Victor Lebraun (phonetic) with the New York City
 9  Police Department.
10           THE COURT:   Good afternoon.
11           MR. FLORIAN MIEDEL:   Good afternoon, Your Honor.
12  For Dr. Mirilishvili, Florian Miedel.
13           THE COURT:   Good afternoon.
14           MR. PATRICK JOYCE:   Good afternoon, Your Honor,
15  on behalf of Carolyn Middleton, Patrick Joyce.
16           THE COURT:   Good afternoon.
17           MR. IRVING COHEN:   On behalf of Leonard, Irving
18  Cohen.
19           THE COURT:   Good afternoon. Beginning with Mr.
20  Leonard, what is the date and time of arrest please?
21           MR. DISKANT:   Today at approximately 10 a.m.
22           THE COURT:   Thank you.  Date and time of arrest
23  for Miss Middleton please.
24           MR. DISKANT:   The same, Your Honor, today at
25  approximately 10 a.m.
```

1                                                           5

2              THE COURT:    Thank you.  And Mr. Dr. Mirilishvili.

3              MR. DISKANT:    Today at approximately 7 a.m.

4              THE COURT:    Thank you.  For each of the

5    defendants, the purpose of the proceeding is to advise each

6    of you of certain rights that you have, to inform each of

7    you of the charge made against you, consider whether

8    counsel should be appointed for any of you, and to

9    determine under what conditions each of you might be

10   released.  Do each of you understand?

11             DEFENDANT:    Yes.

12             MS. MIDDLETON:    Yes.

13             THE COURT:    Each of you has the right to be

14   released either conditionally or unconditionally pending

15   trial unless I find there are no conditions that would

16   reasonably assure your presence in court and the safety of

17   the community.  Each of you has a right to be represented

18   by counsel during all court proceedings and during all

19   questioning by authorities.  If you're not able to retain

20   counsel, the Court will appoint counsel to represent you.

21             In that connection, I have before me documents

22   labeled financial affidavit.  Mr. Leonard, sir, do you

23   recognize this document?

24             MR. LEONARD:    Yes, sir.

25             THE COURT:    Would you raise your right hand?  Do

6

you swear or affirm that the statements contained in this

financial affidavit are true statements and that your true

signature appears on the bottom of the affidavit?

MR. LEONARD:   Yes.

THE COURT:   Thank you.  I'm going to appoint Mr.

Cohen to represent you.  The information you've provided

through the affidavit convinces me that you're without the

means to retain counsel.  If you have made false statements

through the affidavit, you may expose yourself to a new

charge in connection with the false statements.  If your

financial circumstances change and you're able to retain

counsel, you should advise the Court of your changed

circumstance.

Miss Middleton, let me also show you this document

labeled financial affidavit.  Do you recognize it?

MS. MIDDLETON:   Yes.

THE COURT:  Would you raise your right hand

please?

MS. MIDDLETON:   Yes.

THE COURT:   Do you swear or affirm that the

statements contained in this financial affidavit are true

statements and that your true signature appears at the

bottom of the affidavit?

MS. MIDDLETON:   Yes.

```
 1                                                  7
 2              THE COURT:   Thank you.  I'm going to appoint Mr.
 3   Joyce to represent you.  The information you've provided
 4   through the affidavit persuades me that you're without the
 5   means to retain counsel.  If your financial circumstances
 6   change and you're able to retain counsel, you should advise
 7   the Court of that.  And if you have made false statements
 8   through the affidavit, you may expose yourself to a new
 9   charge in connection with those false statements.
10              Dr. Mirilishvili, you're here with retained
11   counsel, is that correct?
12              DR. MIRILISHVILI:   Yes, sir.
13              THE COURT:   Should your financial circumstance
14   change and you're no longer able to retain counsel, you
15   should advise the Court of that so that counsel can be
16   appointed for you.  Mr.
17
18
19              Miss Middleton, let me also show you this document
20   labeled financial affidavit.  Do you recognize it?
21              MS. MIDDLETON:   Yes.
22              THE COURT:   Would you raise your right hand
23   please?
24              MS. MIDDLETON:   Yes.
25              THE COURT:   Each of you has been named in an
```

```
 1                                              8
 2  indictment returned by a grand jury in this judicial
 3  district.
 4           THE CLERK:  Mr. Mirilishvili, have you seen a
 5  copy of this indictment?
 6           DR. MIRILISHVILI:  Yes.
 7           THE CLERK:  Have you discussed it with your
 8  attorney?
 9           DR. MIRILISHVILI:  Yes.
10           THE CLERK:  Would you like me to read the
11  indictment to you?
12           DR. MIRILISHVILI:  No.
13           THE CLERK:  How do you plead?
14           DR. MIRILISHVILI:  Not guilty.
15           THE CLERK:  Mr. Leonard, have you seen a copy of
16  this indictment?
17           MR. LEONARD:  Yes.
18           THE CLERK:  Have you discussed it with your
19  attorney?
20           MR. LEONARD:  Yes.
21           THE CLERK:  Would you like me to read the
22  indictment to you?
23           MR. LEONARD:  No, sir.
24           THE CLERK:  How do you plead?
25           MR. LEONARD:  Not guilty.
```

```
 1                                                    9
 2             THE CLERK:   Miss Middleton, have you seen a copy
 3   of this indictment?
 4             MS. MIDDLETON:   Yes.
 5             THE CLERK:   Have you discussed it with your
 6   attorney?
 7             MS. MIDDLETON:   Yes.
 8             THE CLERK:   Would you like me to read the
 9   indictment to you?
10             MS. MIDDLETON:   No thank you.
11             THE CLERK:   How do you plead?
12             MS. MIDDLETON:   Not guilty.
13             THE COURT:   Thank you.  Is there a date for a
14   conference with the assigned district judge?
15             MR. DISKANT:   Yes, Your Honor, Judge McMahon has
16   set an initial conference for January 28, 2015 at 2 p.m.
17             THE COURT:   Thank you.  Let's turn to the issue
18   of bail.  Have the parties received copies of the
19   respective Pretrial Services report?
20             ATTORNEY:   Yes, Judge.
21             MR. DISKANT:   Yes, Your Honor.
22             ATTORNEY:   Yes.
23             THE COURT:   Beginning with Mr. Leonard, what is
24   the Government's position on bail?
25             MR. DISKANT:   Your Honor, with respect to Mr.
```

10

Leonard, I have what I understand to be a joint proposed
package for the Court's consideration.  The package is a
$200,000 personal recognizance bond secured by $5,000 in
cash, the signatures of two financially responsible people,
travel restricted to the Southern and Eastern Districts of
New York, and all other routine conditions as recommended
by Pretrial.  And the Government is amenable to the
defendant's release today on his own signature with a week
to meet all remaining conditions.

THE COURT:  Mr. Cohen, is that recitation in
harmony with your recollection of your discussion with the
Government on bail?

MR. COHEN:  Yes, it is.

THE COURT:  In addition to the proposal made by
the parties which I shall adopt, I'm going to direct that
Mr. Leonard submit to a urinalysis administered by the
Pretrial Services office.  If it is positive for the
presence of a controlled substance, you'll be subject to
additional testing and treatment at the discretion of the
Pretrial Services office.

(pause in proceeding)

THE COURT:  Following are the bail conditions for
Mr. Leonard:  a $200,000 personal recognizance bond, bond
to be cosigned by two financially responsible persons.

```
 1                                                    11
 2   Bond should be secured by $5,000 cash.  His travel's
 3   restricted to the Southern and Eastern Districts of New
 4   York.  He must surrender any travel documents he may
 5   possess and not seek or obtain any new replacement travel
 6   documents while the criminal action is pending.
 7           And he's subject to regular Pretrial supervision.
 8   Must submit to urine analysis, administered by the Pretrial
 9   Services office.  If the analysis is positive for a
10   controlled substance, then at the discretion of the
11   Pretrial Services office, he's subject to additional
12   testing for drug and drug treatment.
13           Sir, you'll be released today after you execute
14   the bond.  You must satisfy all the bail conditions I've
15   imposed by the 18th day of December 2014.  You must appear
16   in court whenever you are directed to do so.  If you fail
17   to do so, you and any cosigners on your bond will be liable
18   to the Government for the full amount of the bond.  Any
19   cash posted in support of the bond will be forfeited to the
20   Government, a warrant may issue for your arrest, and you
21   may expose yourself to the new charge in connection with
22   your failure to appear in court which would have a penalty
23   separate and apart from any penalty that might be imposed
24   upon you should you be found guilty of the offense outlined
25   in the indictment.  Do you understand, sir?
```

```
 1                                                    12
 2              MR. LEONARD:   Yes, sir.
 3              THE COURT:   Is there anything else that we need
 4    to address with respect to Mr. Leonard?
 5              MR. DISKANT:   Yes, Your Honor, the Government
 6    seeks an exclusion of time between today's date and January
 7    28.  The purpose of the exclusion is so as to permit the
 8    Government (indiscernible) producing discovery and permit
 9    defense counsel to review that discovery with their
10    clients.
11              MR. COHEN:   No objection.
12              THE COURT:   The application is granted.  Anything
13    else from either party?
14              MR. DISKANT:   No, Your Honor.
15              MR. COHEN:   No, Your Honor.  May I be excused
16    now?
17              THE COURT:   Yes.
18              MR. COHEN:   Thank you.
19              THE COURT:   Let's move to Miss Middleton.  What
20    is the Government's position on bail with respect to her?
21              MR. DISKANT:   Your Honor, I also have what I
22    understand to be a joint proposed package for the Court's
23    consideration.  With respect to Miss Middleton, the parties
24    would propose a $100,000 personal recognizance bond secured
25    by the signature of her daughter and one additional
```

1                                                                  13

2   financially responsible person.  All other standard

3   conditions as recommended by Pretrial Services.  The

4   defendant is to be released on her own signature tonight

5   with two weeks to meet all remaining conditions.

6           THE COURT:  Well, two weeks from now would bring

7   us to a date on which the court is closed, the 25th day of

8   the month.

9           MR. DISKANT:  Then we'd ask for – I guess the

10  26th is a court holiday as well.  So the following Monday

11  then, the 28th I believe or 29th.

12          THE COURT:  29th day of December is the following

13  Monday.

14          MR. DISKANT:  Thank you.  And I should note with

15  respect to this defendant, I think it is likely covered by

16  Pretrial's recommendation with respect to illicit

17  substances, but illicit substances from the Government's

18  perspective would include oxycodone.  The Government would

19  request that the defendant not be permitted to fill any

20  oxycodone prescriptions in her own name without the

21  approval of Pretrial Services.

22          THE COURT:  What is the defendant's position on

23  that application?

24          MR. JOYCE:  Your Honor, we did consent to the

25  package's entirety.  I imagine the Pretrial, if Miss

1                                                        14

2    Middleton presents to them legitimate physical needs for

3    any prescription, they will, I can't imagine that they

4    would withhold their approval.  If they did, I would come

5    to the Court.  I have no problem.  I don't think they're

6    saying she can't fill it, or she can't fill any

7    prescriptions; just that she can't do it without the

8    approval of Pretrial.  So I have no objection to that.

9             THE COURT:   I'm not going to adopt that portion

10   of the recommendation made by the parties.  Based on all

11   the information provided in the Pretrial Services report,

12   it seems to me that if a physician who's treating Miss

13   Middleton determines that she needs a particular

14   medication, she should have it without the hiatus or

15   waiting notification to the Pretrial Services office and

16   authorization from that office.  Based upon the totality of

17   the information in the Pretrial Services report, I don't

18   want to do anything that would interdict her obtaining

19   appropriate medical services that she might need.

20            MR. DISKANT:   Your Honor, respectfully, I just

21   want to point out the nature of this case is that there are

22   plenty of doctors out there --

23            THE COURT:   I know what the nature of the case

24   is.  I've read the materials.

25            MR. DISKANT:   Okay, the Government would view it

1
15

2  as – that it's fine.  If the defendant continues to fill

3  prescriptions written by any of the doctors identified in

4  the scheme, the Government would view it as a violation and

5  would reserve the right to take that up with Judge McMahon.

6          THE COURT:  Following are the bail conditions for

7  Miss Middleton:  a $100,000 personal recognizance bond,

8  bond to be cosigned by two financially responsible persons,

9  one of whom must be Miss Middleton's daughter.  Her

10  travel's restricted to Southern and Eastern Districts of

11  New York.  She must surrender any travel documents she may

12  possess and not seek or obtain any new or replacement

13  travel documents while the criminal action's pending.

14  She'll be subject to regular Pretrial supervision.

15          She must submit to a urine analysis administered

16  by the Pretrial Services office.  If the analysis is

17  positive for a controlled substance other than prescribed

18  medication, she'll be subject to additional drug testing

19  and drug treatment as deemed appropriate by the Pretrial

20  Services office.

21          Miss Middleton, you'll be released today after you

22  execute the bond.  You must satisfy all the bail conditions

23  by the 29th day of December 2014.  You must appear in court

24  whenever you are directed to do so.  If you fail to do so,

25  you and any cosigners on your bond will be liable to the

```
 1                                                    16
 2   Government for the full amount of the bond, a warrant may
 3   issue for your arrest, and you may expose yourself to a new
 4   charge in connection with your failure to appear in court
 5   which would have a penalty that is separate and apart from
 6   any penalty that might be imposed upon you should you be
 7   found guilty of the offenses outlined in the indictment.
 8   Do you understand?
 9            MS. MIDDLETON:   Yes.
10            THE COURT:   Is there anything else that we need
11   to address with respect to Miss Middleton?
12            MR. DISKANT:   No, Your Honor, thank you.  Time
13   has already been excluded in the case and the exclusion
14   will apply to her as well.
15            THE COURT:   I'm sorry, I didn't hear all that you
16   said.
17            MR. DISKANT:   I said time has already been
18   excluded until the 28th, which will apply to her as well.
19            THE COURT:   Very well.
20            MR. JOYCE:   Your Honor, I just have one question.
21            THE COURT:   Yes.
22            MR. JOYCE:   The Government did mention that they
23   will be providing discovery.  I don't know whether or not
24   they've given a date or a thought process about when
25   discovery will be coming.
```

```
 1                                               17
 2           MR. DISKANT:   We can certainly talk about a
 3   discovery schedule.
 4           THE COURT:   Anything else from either party with
 5   respect to Miss Middleton?
 6           MR. DISKANT:   No, Your Honor.
 7           THE COURT:   All right, Thank you.
 8   [appears that section of recording is missing at 20:51 into
 9   the recording]
10           THE COURT:   Any cosigners on your bond will be
11   liable to the Government for the full amount of the bond,
12   any money posted in support of the bond be forfeited to
13   Government, a warrant may issue for your arrest, and you
14   may expose yourself to a new charge in connection with your
15   failure to appear in court which would have a penalty that
16   is independent of any penalty that might be imposed upon
17   you should you be found guilty of the offense outlined in
18   the indictment.  Do you understand, sir?  I did not hear
19   your answer.
20           DR. MIRILISHVILI:   Yes.
21           THE COURT:   Is there anything else that we need
22   to address?
23           MR. DISKANT:   Your Honor, I apologize if I missed
24   it.  We would ask, consistent with the recommendation of
25   Pretrial, that there be a condition of release that he
```

```
 1                                                    18

 2   refrain from writing prescriptions for controlled

 3   substances.

 4           THE COURT:   What is the defendant's position on

 5   that request?

 6           MR. MIEDEL:   Well, Your Honor, the doctor is a

 7   pain management doctor, and part of his practice is to

 8   write prescriptions for pain medication.  It's not his

 9   entire practice.  There is physical therapy, there are a

10   number of other things that are involved.  But prescribing

11   pain medication is something that is part of his,

12   significant part of his practice, if warranted.  And if he

13   cannot do that, then I think he will not be able to be

14   employed.

15           THE COURT:   Well, the request was not that he

16   refrain from prescribing all pain medication, only

17   particular pain medication.

18           MR. MIEDEL:   Well, right, I don't honestly know

19   what – there may be other pain medication is possibly

20   prescribed, but I assume it's all narcotic-based pain

21   medication.  So they could probably certainly find some

22   other medication that may be possible to do if it's

23   specifically asking oxycodone.  I think the more, perhaps

24   the more appropriate restriction would be obviously to

25   prescribe pain medication only if all the measures of
```

1                                                          19

2   vetting the patient are met which is to ensure that the

3   patient is properly referred from a identifiable primary

4   physician and has with him or her a requisite documentation

5   such as MRI's or other test results which indicate that

6   perhaps pain management through medication is warranted.

7             THE COURT:   Has the Drug Enforcement

8   Administration barred the defendant from prescribing

9   controlled substances?

10            MR. DISKANT:   That will be the next step if Your

11  Honor does not set that as a condition of release.  I was

12  hopeful that we could handle it as a condition of the

13  defendant's release, but if not, the DEA will begin

14  immediately administrative proceedings to revoke his

15  license.

16            MR. MIEDEL:   Your Honor, also just while we're

17  talking.  If there was a condition about the firearms, I

18  just want to clarify that as the Pretrial Services report

19  indicated, there was an application in 1991 for a firearm.

20  That application was never satisfied, and my client has no

21  firearms, has never possessed firearms.

22            THE COURT:   I can appreciate the request made by

23  the Government and the recommendation made by the Pretrial

24  Services office.  I pause only because the defendant is

25  allowed to practice his profession, and I'm not a physician

and I can't say that he can be barred from aiding patients

who might come to him seeking treatment who might

legitimately need a prescription for a particular

medication and that he would be prohibited from providing

the patient appropriate care because someone who's not

trained at medicine has determined that he should not be do

so and thereby might harm a patient of his.

I appreciate that the Government believes that he

has a medical practice that consists, if the information in

the indictment and that urged upon me at this proceeding is

to be believed, is dedicated to writing prescriptions that

don't need to be written for people who legitimately need a

particular medication.  But I'm not really in a position, I

don't believe, to act prudently to prevent him, if he's

treating patients who legitimately need a particular

medication and that is the only medication that in his

professional judgment, and maybe others who are trained at

medicine, believe is the appropriate medication, that he

should be prohibited from prescribing it.

Now, he's obviously aware and will have

discussions with his counsel about the substance of the

indictment and how he proceeds going forward given the

level of scrutiny that is now focused on him.  So because

of my concern, as I've just expressed, I'm going to deny

                                                                    21

the request that he be barred from prescribing oxycodone

medication.

          MR. DISKANT:   Your Honor, we'd ask you at least

to impose that condition for a period of 24 hours so that

we can appeal that determination to Judge McMahon.

          THE COURT:   All right, I'll grant that

application.  So no prescription for oxycodone should be

issued by you, sir, pending the appeal to the assigned

district judge from my determination not to bar you from

prescribing oxycodone.  It's expected that the application

will be presented to the assigned district judge within 24

hours, and she'll act upon it, entertain the parties and

act upon it, I'm hopeful.  Is there anything else that we

need to address?

          MR. MIEDEL:   Your Honor, just the collateral was

150 --

          THE COURT:   One hundred fifty thousand dollars

cash or property.

          MR. MIEDEL:   Okay, by the 16th of December,

correct?

          THE COURT:   Correct.

          MR. MIEDEL:    Thank you.

          THE COURT:   You're welcome.  Good night.

[additional recording for 12/11/14 provided by court]

22

THE CLERK:   U.S. v. Moshe Mirilishvili, Mirilishvili, 14cr810 out of wheel C.

THE COURT:   This is assigned to Judge McMahon.

THE CLERK:   And U.S. v. Ryan Thomason out of wheel A.

THE COURT:   Case is assigned to Judge Crotty.

THE CLERK:   Thank you, sir.

THE COURT:   You're welcome.

(end of recording)

(Whereupon the matter is adjourned.)

23

## C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, United States of America v. Mirilishvili and Leonard, Docket #14cr810, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.

Signature_____

Date:  February 22, 2016