UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                       :

UNITED STATES OF AMERICA,          :

                       :

        – v –        :  Case No. 14 Cr. 810 (CM)

                       :

MOSHE MIRILASHVILI, *et al.*,     :

                       :

            Defendants.     :

                       :
----------------------------------------------------------------------x

## DEFENDANT MOSHE MIRILASHVILI'S RENEWED MOTION
## FOR A JUDGMENT OF ACQUITTAL

Henry E. Mazurek
Wayne E. Gosnell, Jr.
CLAYMAN & ROSENBERG LLP
305 Madison Avenue
New York, New York 10165
T. 212-922-1080
F. 212-949-8255

*Counsel for Defendant*
*Dr. Moshe Mirilashvili*

Defendant Moshe Mirilashvili respectfully renews his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c).[1]  We write here to amplify our earlier motion's arguments for a judgment of acquittal on Count Three.  In this count, the Superseding Indictment charged Dr. Mirilashvili with a violation of 21 U.S.C. § 841(b)(1)(C), or unlawfully distributing a controlled substance, to wit oxycodone, in violation of federal narcotics law.  The government's trial evidence in support of Count Three relied upon speculative inferences and extrapolations that fell woefully short of satisfying its burden.  No witness testified about any of the patients who were issued prescriptions on October 28, 2014, the date charged in Count Three.  No matter how viewed, the evidence failed to prove Dr. Mirilashvili's guilt beyond a reasonable doubt.  The Court should now enter a judgment of acquittal on that count, as it should for the remaining counts of conviction.

## ARGUMENT

Federal Rule of Criminal Procedure 29 requires that the Court "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  A motion for judgment of acquittal should be granted if "[no] rational trier of fact could have formed the essential elements of the crime beyond a reasonable doubt." *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004).

"Applying this standard does not  . . . mean that a reviewing court must affirm all jury verdicts." *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015).  A conviction cannot stand on mere speculation or conjecture. *See United States v. Wiley*, 846 F.2d 150, 155 (2d Cir. 1988) (reversing conviction where it was "apparent that in order to reach its verdict the jury must have

---

[1] This motion supplements rather than replaces the arguments in Dr. Mirilashvili's prior Rule 29 motion.  *See* Tr. 1113-17; 1286-87. (All "Tr." citations herein refer to the trial transcripts in this case.)  Those arguments are reasserted and incorporated by reference as if fully set forth herein.

engaged in false surmise and rank speculation"). Moreover, "[w]here a fact to be proved is also an element of the offense . . . it is not enough that the inferences are sufficiently supported to permit a rational juror to find that the element, like all elements, is established beyond a reasonable doubt." *United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 159 (2d Cir. 2008) (quotation marks omitted).

"[A]t the end of the day, 'if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.'" *United States v. Cassese*, 428 F.3d 92, 99 (2d Cir. 2005) (quoting *United States v. Glenn*, 312, F.3d 58, 70 (2d Cir. 2002)); *see also United States v. Coplan*, 703 F.3d 46, 49 (2d Cir. 2012) (same).

## I.      The Court Should Enter a Judgment of Acquittal on Count Three

To obtain a conviction on Count Three, the government had to prove beyond a reasonable doubt that, on October 28, 2014, Dr. Mirilashvili knowingly and intentionally distributed oxycodone without a legitimate medical purpose, outside of the usual course of medical practice, and other than in good faith. (*See* Tr. at 1459 – 60.) Although the jury voted to convict on this count, we respectfully submit that its decision was not based on a rational view of the evidence. Therefore, the verdict on Count Three must be vacated for legal insufficiency.

The government's trial evidence related to Count Three, even in a light most favorable to it, failed to satisfy the standard of proof. On October 28, 2014, Dr. Mirilashvili wrote 33 prescriptions for oxycodone to patients who saw him at his clinic in Washington Heights. (*See* GX111, Summary Chart of Prescriptions Written on 10/28/14; GX 901-A, BNE Records.) The government called none of those patients to testify. Neither of the government's cooperating witnesses testified about any of the patients who were issued prescriptions on October 28, 2014.

In fact, the government introduced the medical records of only four of these 33 patients—Larry Ashby, Barbara Kearse, Alex Champion, and Donniece Masterson.  (*See* GX 202, 502 (Ashby); GX 204, 504 (Champion); GX 209, 509 (Kearse); and GX 211, 511 (Masterson).)   However, these records were never explained or discussed by any witness with personal knowledge of the information contained in them.  In short, the government presented no direct evidence establishing that Dr. Mirilashvili prescribed oxycodone to these patients without a legitimate medical purpose and outside the usual course of medical practice.[2]

The government's complete reliance on circumstantial evidence was also legally insufficient.  First, the government argued that the jury could infer that all of the October 28, 2014 prescriptions were unlawfully issued because the patient visits were paid for in cash. However, the defense presented two patient witnesses (Altagracia Medina and Ana Torres), who also paid for various visits in cash and who testified credibly that they presented to Dr. Mirilashvili painful physical conditions that were legitimately managed through opiate treatment. Thus, the mere form of payment does not lead to an inference beyond a reasonable doubt that the patients treated on October 28, 2014 were issued unlawful oxycodone prescriptions.

Second, the government argued that evidence of altered medical referral documents in the patient file of Larry Ashby, one of the patients who was issued a prescription on October 28, 2014, was sufficient to prove that Dr. Mirilashvili intentionally prescribed oxycodone in bad faith and outside the use of medical judgment.  The government argued that a document in Mr. Ashby's file was obviously falsified because it included a female patient's name in the body of a

---

[2] Although the government's expert opined that Dr. Mirilashvili's documentation was "grossly inadequate" and that the "treatment plan [was] very high risk," (Tr. at 929), such testimony did not establish that Dr. Mirilashvili acted "outside the usual course of medical practice and without a legitimate medical purpose."  Rather, at best, it established only that Dr. Mirilashvili engaged in medical malpractice.

letter purported to be a medical referral for patient Larry Ashby to a pain management physician. (*See* Gov. Exhibits 202 and 502.)  However, the misidentified patient name in the referral cover letter is not something that a physician would usually rely on for determining the veracity of a patient's complaints and there was no evidence presented at trial about what Mr. Ashby told Dr. Mirilashvili at his patient visits on or before October 28, 2014.  Both expert doctors testified at trial that physicians are trained and expected to rely on the complaints presented by patients.  (Tr. 960, 1207-08.)  Also, Dr. Gharibo, the government's expert witness, testified that many medical practices used "cut-and-paste" features in word processing in printing letters and other medical communications.  Thus, the fact that there was an error in Mr. Ashby's referral letter does not result in a legally sufficient finding beyond a reasonable doubt that Dr. Mirilashvili knew or should have known that Mr. Ashby sought to obtain oxycodone for the purposes of diverting it for unlawful purposes.  The government's extrapolation based on other patient records in Dr. Mirilashvili's files cannot create proof beyond a reasonable doubt for this patient on a substantive charge based on distribution of oxycodone on a specific date.

Third, the government argued that urine toxicology reports relating to patient Marco Varela (GX 560) had been falsified, and this evidence alone proved that Dr. Mirilashvili's prescription to him on October 28, 2014 was knowingly unlawful.  (*See* Tr. at 1326).  This argument again fails on several grounds.  To start, the lab reports presented in the government's Exhibit 560 were dated May 30, 2014 and June 9, 2014, and therefore have little probative value for the legitimacy of an oxycodone prescription written several months later.  Next, the government did not elicit any testimony or other evidence regarding where, among the thousands of medical documents retrieved from Dr. Mirilashvili's residence, these particular papers were found, or why it was a reasonable inference to believe that Dr. Mirilashvili reviewed these

records or even knew about them.  Therefore, from this scant evidence it would be pure speculation for a trier of fact to conclude that based on apparently altered urine drug test results from dates different than that charged and about which there was no testimony, that Dr. Mirilashvili intentionally unlawfully prescribed oxycodone to Mr. Varela on October 28, 2014.

The government's evidence on Count Three amounts to little more than an attempt to extrapolate from its cooperating witness testimony that the patients seen on the date charged in Count Three were similar to those other patients whom the cooperating witnesses did testify about.  However, as the government itself conceded at closing argument, it did not seek to prove – and did not prove – that each and every patient seen by Dr. Mirilashvili were prescribed oxycodone outside of the course of usual professional conduct and without the exercise of medical judgment.  In light of this position and the scant evidence relating to the patients charged in Count Three, no rational trier of fact could find beyond a reasonable doubt that the government proved the elements of the offense specifically charged in that count.

Rule 29 requires more than tenuous inferences "no more valid than others equally supported by reason and experience." *United States v. Mulheren*, 938 F.2d 364, 372 (2d Cir. 1991) (quotation marks omitted).  The government failed to meet that threshold here.  The Court should enter a judgment of acquittal on Count Three.

## **CONCLUSION**

For the reasons cited at trial in Dr. Mirilashvili's previously submitted motion for

judgment of acquittal and for those reasons amplified herein, the Court should enter a judgment

of acquittal for Dr. Mirilashvili on all counts.

Dated: New York, New York
         April 18, 2016

Respectfully Submitted,


_____/S/_____
Henry E. Mazurek
Wayne E. Gosnell, Jr.
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 1301
New York, New York 10165
Phone: 212-922-1080
mazurek@clayro.com
gosnell@clayro.com

Attorneys for Dr. Moshe Mirilashvili