```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    PRELIMINARY ORDER OF
                                  :    FORFEITURE AS TO SPECIFIC
          -v.-                    :    PROPERTY/MONEY JUDGMENT
                                  :
MOSHE MIRILASHVILI,                    S2 14 Cr. 810(CM)
          Defendant.              :
                                  :
                                  :
- - - - - - - - - - - - - - - - - x

    WHEREAS, on or about January 28, 2016, MOSHE MIRILASHVILI, (the "defendant"), was charged in a three-count Superseding Indictment, S2 14 Cr. 810 (CM) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); distribution and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count Two); and distribution and possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count Three);

    WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses and any and all

property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses alleged in Counts One, Two and Three of the Indictment;

WHEREAS, on or about February 24, 2015, the Government filed a Forfeiture Bill of Particulars, identifying the following specific property, among others, as subject to forfeiture as a result of the offenses alleged in the Indictment:

>   (a) Approximately $1,753,309 in United States currency, seized on or about December 11, 2014, at 320 East Shore Road, #5C, Great Neck, New York (the "Specific Property")

WHEREAS, on or about March 17, 2016, following a jury trial, the defendant was found guilty of Counts One through Three of the Indictment;

WHEREAS, on or about September 28, 2016, the defendant was sentenced and ordered to forfeit: (a) $2,046,600.00 in United States currency (the "Money Judgment") including (b) all right, title and interest in the Specific Property, both collectively representing all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6), of the Federal Rules of Criminal Procedure, the Government is now

2

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Indictment, to which the defendant was found guilty, a Money Judgment in the amount of $2,046,600.00 in United States currency (the "Money Judgment") shall be entered against the defendant.

2. All of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n). Upon the entry of a Final Order of Forfeiture as to the Specific Property, the net proceeds realized from the liquidation of the Specific Property shall be applied in partial satisfaction of the Money Judgment.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

3

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Order is final as to the defendant, MOSHE MIRILASHVILI and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service ("USMS") and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. Pursuant to Title 21, United States Code, Section

4

853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The noticed referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person

5

who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. This Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

12. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Jason H. Cowley, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

HONORABLE COLEEN McMAHON
CHIEF JUDGE,
UNITED STATES DISTRICT COURT

DATE 9/28/2016

12:11 pm

6

# Dr. Moshe MIRILASHVILI
## Estimated Income

| Year | Oxycodone 30mg Scripts Filled in New York | Medicaid and Managed Care Covered Visits | Medicaid and Managed Care Payments Received | Estimated Cash Payments | Total Estimated Income | Declared Gross Income |
|---|---|---|---|---|---|---|
| 2012 | 2,149 | 1,493 | $125,265.76 | $131,200.00 | $256,465.76 | $250,000.00 |
| 2013 | 6,761 | 2,160 | $170,015.67 | $920,200.00 | $1,090,215.67 | $563,112.00 |
| 2014 | 5,711 | 735 | $62,021.52 | $995,200.00 | $1,383,221.52 | $565,000.00 |
| Grand Total | 14,621 | 4,388 | $357,302.95 | $2,046,600.00 | $2,403,902.95 | $1,378,112.00 |

GOVERNMENT EXHIBIT
113
S2 14 Cr 810 (CM)

Source = GX 901-A, 1209